PER CURIAM.
The judgment of the Board of Governors ■ of The Florida Bar, entered in this disciplinary proceeding on -November 30, 1966 .and. filed in this court December S, 1966, with record, evidence and all proceedings had herein, came on to be reviewed by this . court.
■ The report and order of the Board of Governors are as follows:—
“The evidence shows and the referee has found that on April 30, 1965, the respondent received $300.00 as a fee for legal services to be performed and costs. This was paid to respondent in connection with clearing title to real property in Hillsborough County, Florida. Respondent did nothing to accomplish the legal services and has failed to return the money. He has ignored numerous letters and telephone calls requesting information on the status of the title proceeding.
“The referee found the respondent guilty of violating Article XI, Rule 11.02 of the Integration Rule of The Florida Bar [31 F.S.A.], Canon 11 of the Canons of Professional Ethics [31 F.S.A.] and Rules 1 and 27 of Additional Rules Governing the Conduct of Attorneys in Florida [31 F.S.A.]. The referee recommended that respondent be suspended from the practice of law for a period of one year.
“The Board approves and adopts the Referee’s findings of fact and his recommendation that respondent be found guilty. However, after thorough review of the record, the Board modifies the recommended disciplinary action. Accordingly, it is
“ORDERED and ADJUDGED that Respondent, Jack Champlin, be suspended from the practice of law for a period of three months and thereafter until he shall show rehabilitation, make restitution to his former clients and that respondent pay the costs of these proceedings in the amount of $155.92.”
We have carefully reviewed the record, including report of the referee, statement by respondent in opposition to the findings and recommendations of the referee, and judgment of the Board of Governors. . No request has been made for further proceed *216 ings by respondent, and after consideration it is
Ordered that the judgment of the Board of Governors of The Florida Bar, dated November 30, 1966, that respondent, Jack Champlin, is guilty of unprofessional conduct as charged, that he be suspended from the practice of law for a period of three months and thereafter until he shall show rehabilitations and make restitution, and that he pay the cost of the proceedings in the amount of $155.92, be, and the same is, approved and adopted as the judgment of this court. Execution is hereby directed to issue for the costs assessed against respondent.
ROBERTS, Acting C. J., and DREW, O’CONNELL, CALDWELL and ERVIN, JJ-, concur.