PER CURIAM.
This cause is before us to review the judgment of the Board of Governors of The Florida Bar entered February 12, 1969. The referee and the Board of Governors found respondent guilty on three counts of professional misconduct and recommend disbarment.
Respondent did not defend against the action below and has failed to petition this Court for review within 30 days from the filing of the judgment here.
The judgment of the Board of Governors is in pertinent part as follows:
“COUNT I
“The referee found that respondent received $60.00, toward a fee of $350.00, to file a divorce action. Respondent assured his client that the divorce papers were going to be prepared but after a lapse of six to seven weeks no service was performed. Despite numerous demands no refund was made to the client.”
“COUNT II
“The referee found that respondent received a check for $1296.99 for Joseph Scarfone as his counsel. This was payment of Scarfone’s claim in a mortgage foreclosure proceeding and constituted trust funds which respondent was obligated to disburse, within a reasonable time, less $150.00 as his attorney fee. Respondent gave Scarfone a check for the net amount within a reasonable time on his account entitled ‘Jack Champlin, Attorney, Trust Account’. Scarfone endorsed the check and deposited it for credit to his account but Champlin’s check was dishonored by the drawee bank with indications that there were insufficient funds in respondent’s account. The referee found further that respondent converted these funds or diverted them to personal use * * * Subsequently, a criminal complaint was filed against respondent resulting in payment of the missing funds.”
“COUNT III
“The referee found that respondent received a check for $200.00 representing a claim due his client, Maxine B. Branch. These funds were commingled with those of respondent. After numerous phone calls and demands and respondent’s promise to pay eight different times, respondent made payment.”
As respondent did not defend against this action, the Board of Governors, after review, remanded the matter to the referee to insure that respondent was served with notice and to determine any previous disciplinary history.
In his Supplemental Report the referee found that respondent’s right to notice was adequately safeguarded as required by the *186 Integration Rule. Further, he took note of a prior disciplinary proceeding wherein respondent was suspended for three months and thereafter until he shows rehabilitation.[1]
The record and judgment of the Board of Governors of The Florida Bar have been examined by this Court. It is ordered that the judgment of the Board of Governors that respondent, Jack Champlin, be disbarred from the practice of law and pay the costs in this proceeding in the amount of $121.40 be, and the same is approved and adopted as the judgment of this Court. Execution is hereby directed to issue for the costs against respondent.
It is so ordered.
ERVIN, C. J., and ROBERTS, DREW, CARLTON and BOYD, JJ., concur.

. The Florida Bar v. Champlin, 195 So.2d 215 (Fla.1967).