PER CURIAM.
Disciplinary proceedings were initiated by The Florida Bar against Joseph H. Weil, a member of The Florida Bar, alleging misconduct in his handling of an estate. The Board of Governors of The Florida Bar approved the referee’s findings of fact and recommendation of guilt, but disapproved the recommended discipline. The referee’s report and record are now before us on petition for review by The Florida Bar. Fla.Bar Integr.Rule, art. XI, Rule 11.09(3). Our jurisdiction is based on article V, section 15, Florida Constitution.
The referee’s findings of fact and recommendations are as follows:
II. Findings as to each allegation of Complaint: After considering all the pleadings and evidence before me, pertinent portions of which are commented upon below, I find:
AS TO EACH PARAGRAPH
1. Respondent, JOSEPH H. WEIL, is a member of the Florida Bar and subject to the jurisdiction and discipline of the Supreme Court of the State of Florida.
2. Complaint is filed under authority of the Integration Rules but not in conformance with required format.
3. JOSEPH H. WEIL was issued Letters of Administration and appointed Administrator of the Estate of Joseph Ken-ner, a/k/a Joe Kenner, by Frank B. Dowling, County Judge, on April 17,1964. Mr. Weil also acted as attorney for the Estate.
4. Paragraph 4 of Bar’s Complaint alleges that due to Mr. Weil’s inaction, Estate was not closed until April 1976. The last item filed in this cause is an Order of Dismissal for no action taken, entered by Frank B. Dowling, Circuit Judge, on January 24, 1977.
5. The Bar alleges “Mr. Weil failed to timely close the Estate”. Referee finds this allegation was sustained.
6. Circuit Judge Frank B. Dowling did suggest disciplinary proceedings in this matter against Mr. Weil.
7. There was no showing by the Bar that Rose Kenner (one of the heirs of the Estate) was prejudiced by Mr. Weil’s inaction. The Referee finds, however, that Mr. Weil did not distribute Rose Kenner’s share of the Estate to her guardian, Mr. George C. Teall, until April 1976, twelve years after the estate was opened. All heirs did eventually receive their shares.
8. Even after the Grievance Committee admonished Mr. Weil to close the Estate, he failed to do so.
9. The Bar has set out violations of Specific Disciplinary Rules in Paragraph 9, as follows:
DR RULE 6-101(A)(l), (2) and (3)
DR RULE 7-101(A)
DR RULE 9-102(B)(4)
FINDING OF FACT
Joseph H. Weil, Esq. became guardian of the person and property of Joseph Ken- *661 ner, incompetent, Case No. 60771, in County Judges’ Court, Dade County, Florida. He received Letters of Guardianship on September 13, 1963. Mr. Ken-ner died intestate on January 17, 1964. Mr. Weil’s final accounting as Guardian was approved by the Court and he was duly discharged on July 28, 1964.
Mr. Weil filed for and was issued Letters of Administration of the Estate of Joseph Kenner on April 17, 1964.
The heirs-at-law listed in the Petition for Administration were Rose Kenner, daughter, Mrs. Betty Greenstein, daughter, and Mrs. Dorothy Jahre, daughter, all of whom eventually received their share of the Estate.
Mr. Weil petitioned the Court for leave to pay funeral bill and memorial marker on April 17, 1964. The file reflects no further action after that date until June 15, 1971, when County Judge Frank Dowling entered an Order to Produce and to Show Cause, stating: “ . . one Joseph H. Weil has refused or failed to proceed with an orderly administration of this estate and the distribution of the assets thereof to the heir-at-law”.
Judge Dowling’s action was prompted by complaint received from Ms. Betty Green-stein and other heirs that the estate was not concluded and distributed (see letter of Judge Dowling to Weil, dated 5-27— 71).
Mr. Weil did not comply with Judge Dowling’s Order of 6-15-71. On 10-29-73, Judge Dowling sent Mr. Weil Notice of Intention to Dismiss the case for failure to act. Mr. Weil still did not comply and on 12-5-73, an Order of Dismissal sua sponte was entered by Judge Dowl-ing.
A letter dated 10-23-74 was sent from the Office of the Attorney General, State of N. Y., to Probate Judge on behalf of George C. Teall, Esq.; the Committee of Rose Kenner, Incompetent (one. of the heirs of Joseph Kenner), inquiring into the settlement of the estate.
Judge Dowling sent Mr. Weil a letter on November 6, 1974, advising him of the inquiry from the Attorney General of New York. The Judge told Mr. Weil he would revoke the Order of Dismissal of December 5, 1973, upon Mr. Weil taking proper action to conclude the Administration.
Mr. Teall had no success in getting Mr. Weil to close the Estate and complained again to Judge Dowling by letter of April, 1975. Judge Dowling responded to Mr. Teall and advised him to bring grievance proceedings against Mr. Weil.
On January 27, 1976, Mr. Weil finally sent a letter to George C. Teall advising him that he was holding a balance of $4,760.50 in the Estate and asked for documentation showing Mr. Teall’s authority to receive the distribution on behalf of Rose Kenner, incompetent.
Mr. Weil’s first communication with Dorothy Jahre and Betty Greenstein appears in the form of a letter dated April 7, 1976, and this only after Grievance Proceedings were initiated through the Florida Bar in Dade County in November of 1975.
On April 21,1976, a Notice of Hearing on Petition for Instructions was filed by Mr. Weil to the effect that he was in doubt as to whom the assets of the Estate should be distributed.
On April 22,1976, Judge Dowling entered an Order Revoking Order of Dismissal, i. e., the Order of Dismissal of December 5, 1973.
On April 23,1976, Judge Dowling entered an Order on Petition for Instructions to the effect that 1) Balance in Dade Federal Savings and Loan account be transferred to George C. Teall, Esq. Committee for Rose Kenner, Incompetent; 2) Joseph H. Weil pay court costs from general Estate account; 3) File necessary Petition and Receipt to close Estate.
Mr. Weil distributed the remainder of the Estate Assets to George C. Teall, Esq., Committee for Rose Kenner, Incompetent. Mr. Weil did nothing more to now close the Estate. Whereupon Judge Dowling entered an Order to Close Estate or Show Cause within 30 days of date, Order being dated 8-12-76.
*662 Mr. Weil again ignored the Order to Close the Estate. Another Order to Show Cause Why the Action should not be Dismissed for Failure to Act, was entered by Judge Dowling on September 21, 1976. Mr. Weil appeared before Judge Dowling and stated he would close the Estate. Judge Dowling diaried this for 60 days compliance. Finally, with no further compliance with Mr. Weil, the Court entered an Order of Dismissal for no action taken and revoked the Letters of Administration.
Excerpts of Judge Dowling testimony have been extracted from the transcript of the Final Hearing.
Mr. Weil presented proof that all distrib-utees of the Estate of Joseph Kenner had been paid and satisfied.
CONCLUSION OF FACT
1. Joseph H. Weil, Esq. was issued Letters of Administration in the Estate of Joseph Kenner on April 17, 1964.
2. Mr. Weil also acted as attorney for the Estate.
3. Mr. Weil never made showing of good cause for allowing estate to remain open for 12 years. The referee finds the Estate should have been closed at the latest upon Judge Dowling’s First Order to do so.
4. Mr. Weil did eventually distribute the entire estate George C. Teall, Esq. Committee for Rose Kenner, Incompetent, and to Betty Greenstein and Dorothy Jahre the only heirs of the decedent. These disclaimers and proof of payment to George C. Teall were presented to the referee at final hearing and had not been filed earlier in the case proper.
5. No charge was made nor any finding by the referee, made that Mr. Weil did not distribute the moneys which were entrusted to him to the proper heir.
6. Referee concludes, however, that Mr. Weil was negligent in the handling of this estate for the following reasons:
a. He did not comply with Judge Dowl-ing’s requirement to close the estate on three separate Orders over a 12 year period, resulting in the Court’s dismissal of the cause twice for inaction.
b. Although distribution of moneys on hand was finally made by Mr. Weil, the Estate to this date was never properly closed but was dismissed for lack of action.
THEREFORE,
As to violations of Disciplinary Rules in Paragraph 9 of the Bar’s Complaint, the referee finds the Respondent:
1. Not guilty as charged, of DR Rule 6-101A(l)
2. Not Guilty as charged of DR Rule 6-101A(2)
3. Guilty as charged of DR Rule 6-101A(3) “ . . .a lawyer shall not . neglect a legal matter entrusted to him”.
4. Not guilty as charged of Rule 7-101A
5. Guilty as charged, of Rule 9 — 102(B)(4) “ . . . Promptly pay to the client . the funds in the possession of the lawyer which the client is entitled to receive”.
RECOMMENDATION: Respondent be 1) Privately reprimanded and placed on Probation for two (2) years. 2) Required to report to the Board of Governors every probate and guardianship case filed by him over the next two (2) years and report the status and progress of each case every six (6) months until date of closing and discharge.
(Exhibit numbers omitted.)
The question before us is whether Weil’s misconduct calls for a more severe sanction than that recommended by the referee. In disciplinary matters, the burden of demonstrating that the referee’s report is erroneous lies with the petitioning party. Fla.Bar Integr.Rule, art. XI, Rule 11.09(3)(e). The Florida Bar posits that the respondent’s conduct warrants a suspension for eighty-nine days with automatic reinstatement to membership in the Bar. Weil maintains that the referee’s recommended penalty is adequate punishment.
*663 In support of its position, The Florida Bar cites a number of cases in which an attorney was suspended from practice for unduly delaying the performance of services. In each of these cases, the attorney’s dilatory misconduct was compounded by aggravating circumstances, created by the attorney misleading the client,[1] being held in contempt of court,[2] subjecting the client to potential prejudice[3] or accepting fees while not pursuing the case at all.[4] Such conditions are absent from this case. The referee’s report specifically included a finding that there had been no defalcation of the estate’s assets and that the heirs-at-law were eventually paid their respective shares. Further, the transcript shows that Weil made a good-faith effort to resolve the matter before encountering problems in ascertaining the proper distributees of the estate. This, however, does not excuse the fact that Weil caused the estate to remain open for twelve years despite repeated attempts by the court below to prod him into action.
In light of the absence of aggravating circumstances surrounding Weil’s misconduct and especially because the presiding judge in the estate proceedings declined to hold respondent in contempt after several orders to show cause, we find that The Florida Bar has not met its burden of demonstrating that Weil’s inaction warrants a suspension. Weil’s misconduct does, however, amount to gross neglect of a client’s legal affairs. Accordingly, we hold that the respondent should be and is hereby publicly reprimanded, to be published in the Southern Reporter. We further adopt the referee’s recommendations that the respondent be placed on probation for two years, that he be required to report to the Board of Governors every probate and guardianship case filed by him during the probationary period, that he report to the Board of Governors the status of each such case every six months until the date of closing and discharge, and that he be taxed costs of $424.50. These measures are in the best interest of the legal profession and will serve to protect the public.[5] The sanctions are to begin immediately.
It is so ordered.
ENGLAND, C. J., and ADKINS, SUND-BERG, HATCHETT and ALDERMAN, JJ., concur.

. The Florida Bar v. Zyne, 248 So.2d 1 (Fla.1971).

. The Florida Bar v. Hendrickson, 222 So.2d 1 (Fla.1969).

.State v. Bass, 106 So.2d 77 (Fla.1958).

. The Florida Bar v. Champlin, 195 So.2d 215 (Fla.1967).

. The Florida Bar v. Pahules, 233 So.2d 130 (Fla.1970).