PER CURIAM.
This disciplinary proceeding against Frederick E. Hollingsworth, a member of The Florida Bar, is before us on complaint of The Florida Bar and Report of Referee. The referee’s report and record were duly filed with this Court pursuant to Florida Bar Integration Rule, article XI, Rule 11.-06(9)(b). No petition for review has been filed under article XI, Rule 11.09(3)(a) of the Integration Rule.
The findings of fact and the recommendation of the referee are as follows:
II. FINDINGS OF FACT: The Respondent was served with a copy of the Complaint and the return receipt evidences that he received it on January 2, 1979. The Respondent made no response to the Complaint and failed to reply to the Request for Admissions served simultaneously upon him with the Complaint. He (Respondent) was notified of hearing to be held before the referee on The Florida Bar’s Motion for Order Deeming Matters Admitted and for final hearing to be heard on March 21, 1979. Respondent failed to appear at the hearing as *395 scheduled on March 21, 1979 and the referee postponed the hearing until April 2, 1979 and requested Bar Counsel to re-notice Respondent of the hearing on that date. The return receipt evidences that the re-notice setting the April 2, 1979 hearing was received on March 23, 1979, and the referee finds that Respondent was duly notified of the proceeding and the hearing pursuant to Rule 11.13(2) of The Integration Rule of The Florida Bar.
The Respondent had admitted, by failing to respond to the Request for Admissions, that he represented one James Ra-mus Rogers in a matter pending before the Circuit Court, Palm Beach County, Florida, Criminal Division, Case No. 75-674 CF and on three occasions failed to appear in court on behalf of his client for hearings or sentencing.
There was testimony presented by a witness (Honorable Marvin Mounts, Circuit Judge) at the Grievance Committee Hearing on March 28, 1978 (transcript 'page 24) that Respondent had not paid his Bar dues. No evidence was presented at the final hearing on April 2, 1979 regarding payment of dues, except that Bar Counsel stated that he did not know whether or not Respondent is current in his dues. Respondent is not listed in the current Florida Bar Directory, indicating that he is still delinquent in payment of dues.
No evidence was presented regarding Respondent’s past disciplinary record, if any.
III. RECOMMENDATION AS TO WHETHER OR NOT THE RESPONDENT SHOULD BE FOUND GUILTY: Respondent, by not replying to the Bar’s Request for Admissions, has admitted each and every of the requests. Such admissions show that Respondent is guilty of DR1-102A(1) in that he has violated..other disciplinary rules by such conduct. He has violated DR2-110(A)(1) & (2) in that he did not seek nor obtain permission to withdraw from the case of State v. Rogers (supra), nor did he take any steps to avoid foreseeable prejudice to his client. He has violated DR6-101(A)(3) in that he neglected a legal matter entrusted to him. He has violated DR7-101(A)(2) & (3) in that he failed to carry out a contract of employment entered into with a client, and he did, or could have by his actions, prejudiced his client during the course of the professional relationship.
IV. RECOMMENDATIONS AS TO DISCIPLINARY MEASURES TO BE APPLIED: It is recommended that the Respondent be suspended from the practice of law for a period of six (6) months and thereafter until he shall demonstrate his rehabilitation, including a passing mark on the ethics portion of the examination for admission to The Florida Bar and payment of all past dues, including dues for the current year.
Having reviewed the record, we find that respondent has, by failing to reply to the Bar’s Request for Admissions, admitted the charges against him. We therefore, approve the findings and recommendations of the referee.
Accordingly, respondent, Frederick E. Hollingsworth, is suspended from the practice of law in Florida for a period of six months and thereafter until he shall demonstrate his rehabilitation. Rehabilitation shall include, but not be limited to, a passing mark on the ethics portion of the examination for admission to The Florida Bar and payment of all past dues, including dues for the current year. The suspension shall be effective November 26, 1979, thereby giving respondent time to close out his practice and take the necessary steps to protect his clients, and it is ordered that respondent shall not accept any new business.
Costs in the amount of $100 are hereby assessed against the respondent.
It is so ordered.
ADKINS, Acting C. J., and BOYD, OVERTON, SUNDBERG and ALDERMAN, JJ., concur.