PER CURIAM.
This case is a disciplinary proceeding brought by The Florida Bar against suspended attorney Jeffrey Levkoff. The complaint was filed pursuant to article XI of the Integration Rule of The Florida Bar.[1] This Court has jurisdiction of bar disciplinary proceedings. Art. V, § 15, Fla. Const.
The complaint of The Florida Bar alleged that respondent, while under suspension from regular membership in The Florida Bar for nonpayment of dues, engaged in the practicó of law in Florida, performing numerous functions as an attorney over a seven-month period in 1984. The respondent submitted a guilty plea for a consent judgment, admitting the alleged misconduct and agreeing with the Bar to a ninety-day suspension. The referee accepted the plea and found respondent guilty of violating the Code of Professional Responsibility, Disciplinary Rule 3-101(B).[2]
We approve the referee’s report, with the following exception. Although the referee recommends that respondent’s ninety-day suspension run concurrently with his suspension for nonpayment of dues, this Court is of the opinion that such a suspension has no real meaning. Respondent has committed two separate and distinct violations of the Integration Rule of The Florida Bar. The second violation occurred while he was already under suspension. This second act must be dealt with separately in order to give full force and effect to the Integration Rule of The Florida Bar.
At such time as the respondent shall have completed all the applicable requirements for reinstatement to active membership in The Florida Bar, see rule 1-3.7, Rules Regulating The Florida Bar, and if reinstated he will be required to submit to a ninety-day suspension, to commence at the time of reinstatement.
The costs of this proceeding are assessed and judgment therefor entered against respondent in the amount of $578.00, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.

. On January 1, 1987, the Integration Rule was superseded by this Court’s adoption of the new Rules Regulating The Florida Bar. The Florida Bar, re: Rules Regulating The Florida Bar, 494 So.2d 977 (Fla.1986).

. Disciplinary Rule 3-101(B) provides: “A lawyer shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction." The Code of Professional Responsibility was superseded by the rules Regulating The Florida Bar on January 1, 1987. Rule of Professional Conduct 4-5.5(a) is the corresponding provision in the new rules.