PER CURIAM.
This case is a Florida Bar disciplinary proceeding and is before the Court for consideration of the referee’s report. In response to the Bar’s complaint, attorney Joseph H. Weil submitted a consent judgment to which the Bar gave its approval.
Based on the consent judgment, the referee made findings and recommendations as follows:
II. FINDINGS OF FACT: In this consent judgment, Respondent admits certain factual matters which I hereby accept and adopt as the findings of fact in this cause, to wit:
(a) That the Respondent was retained to represent Mr. and Mrs. Lutecki in 1982 to handle a claim for property damage to their condominium.
(b) That the Respondent did not pursue their claim and allowed the statute of limitations to run.
(c) That the Respondent received a public reprimand in 1979.
III. RECOMMENDATIONS AS TO GUILT: In his Consent Judgment, Respondent admits that he engaged in unethical conduct. Based upon Respondent’s admissions, I recommend that Respondent be found guilty of violating Disciplinary Rule 6-101(a)(3) (a lawyer shall not neglect a legal matter entrusted to him), Disciplinary Rule 7-101(a)(l) (a lawyer shall not intentionally fail to seek the lawful objectives of his client through reasonably available means permitted by law and the disciplinary rules), Disciplinary Rule 7-101(a)(2) (a lawyer shall not intentionally fail to carry out a contract of employment entered into with a client for professional services) and Disciplinary Rule 7-101(a)(3) (a lawyer shall not intentionally prejudice or damage his client during the course of the professional relationship) of the Code of Professional Responsibility.
IV. MITIGATING FACTORS: In recommending discipline, I considered the following facts offered by Respondent in mitigation:
(a) That Respondent has made complete restitution to the Luteckis for the property damage in their condominium in the sum of $12,500.00.
(b) That Respondent has been a civil servant for many years. He is currently the City Attorney for Sweetwater and has served other municipalities over the years.
*989 (c) That Respondent has expressed deep regret for his actions.
V. RECOMMENDATION AS TO DISCIPLINARY MEASURES TO BE APPLIED:
a) a Public Reprimand to be administered by the Board of Governors.
b) Taxation of costs of this disciplinary proceeding assessed against Respondent, with execution to issue with interest at a rate of 12% to accrue on all costs not paid within thirty (30) days of entry of the Supreme Court’s final order, unless the time for payment is extended by the Board of Governors.
No challenge is made to the referee’s report. We therefore approve it and adopt the recommended discipline. Respondent Joseph H. Weil is to be reprimanded by the Board of Governors of The Florida Bar. The costs of this proceeding are taxed against the respondent. Judgment is entered against Joseph H. Weil in the amount of $516.17, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.