McDonald, justice.
We accepted In re Koretsky, 541 So.2d 1362 (Fla. 4th DCA 1989), for review because the court certified a question of great public importance: *
Do the provisions of section 100.361 [Florida Statutes (1987) ] apply to a municipality which has adopted no provisions for recall elections?
Id. at 1363. We conclude, as did the Fourth District Court of Appeal, that it does not and quote the pertinent portion of that court's opinion:
Section 100.361 contains a comprehensive scheme for the recall of municipal and charter county governing officials. Three (3) provisions of section 100.361 concern us here. Section 100.361(1) sets out the provisions governing a recall petition and provides that any member of the governing body of a municipality may be removed by recall. Section 100.361(8) states that it is the intent of the legislature that recall procedures be uniform statewide and that any municipal laws to the contrary stand repealed. Section 100.361(9)[1] is entitled “PROVISIONS APPLICABLE” and provides:
The provisions of this act shall apply to cities and charter counties which have adopted recall provisions.
We believe the plain meaning of subsection (9) is to limit the application of section 100.361 to cities and charter counties which have adopted recall provisions. Since it is undisputed in this case that the city of Pembroke Park has not adopted the provisions of section 100.361, we hold that there is no legal authority for a recall election in the city of Pembroke Park.[2]
*25 Id. (emphasis in original).
Each part of a legislative enactment is presumed to be included for a reason. Admittedly, on some occasions, the significance of a provision is not patently clear. The genesis of section 100.361 was chapter 74-130, Laws of Florida. This bill was a “Committee Substitute for House Bill No. 1739(CS).” Section 1 of that bill stated:
Any member of the governing body of a municipality which has at least 500 registered electors, or charter county, hereinafter referred to as municipality, may be removed from office by the electors of the municipality by the following procedures:
The bill then recited the mandate recall procedures. It thus would appear that, as originally conceived, an authorization for recall of officers of all municipalities exceeding 500 persons was intended and the act set the procedure therefor. Section 2 of the act, however, explicitly states: “The provisions of this act shall apply to cities and charter counties which have adopted recall provisions.” The only conclusion we can draw from this inclusion is that the legislature was limiting the recall procedure to those governing bodies that provided for recall and declined to impose it on such bodies which had no such provisions.
We therefore approve the decision under review.
It is so ordered.
EHRLICH, C.J., and OVERTON, BARKETT and KOGAN, JJ„ concur.
GRIMES, J., dissents with an opinion in which SHAW, J., concurs.

 Art. V, § 3(b)(4), Fla. Const.

 The provisions of section 100.361 were originally enacted into law in three (3) separate sections, section 1. providing the substance of the recall procedure, section 2. providing that the provisions shall apply to cities and charter counties which have adopted recall provisions, and section 3. providing the effective date of the law.

 The parties have not cited, and, we are unaware of any caselaw directly on point. Cf. City of Laurel Hill v. Sanders, 392 So.2d 33 (Fla. 1st DCA 1980) (municipal provisions adopting election laws set out in chapter 100 include section 100.361). There are four (4) opinions of the attorney general and the division of elections on this issue, three opinions that section 100.361 applies to all cities, and one taking the view we adopt here. See 1979 Op.Atty.Gen. *25 Fla. 79-38 (Apr. 18, 1979); 1975 Op.Atty.Gen. Fla. 075-242 (Aug. 28, 1975); 1978 Op.Div.Elec. Fla. 78-48-(Nov. 6, 1978); 1977 Op.Div.Elec. Fla. 077-10-(Mar. 22, 1977).