PER CURIAM.
We have for review the referee’s report in a disciplinary proceeding against Joseph H. Weil for practicing law while suspended for nonpayment dues to The Florida Bar (Bar). We have jurisdiction. Art. V, § 15, Fla. Const.; R.Regulating Fla.Bar 3-7.6.
On February 16, 1990, the Bar filed a complaint against Weil, alleging that he engaged in the practice of law while he was suspended for nonpayment of dues in violation of rule 1-3.6 of the Rules Regulating The Florida Bar and rule 4-5.5 of the Rules of Professional Conduct. No responsive pleadings were filed by Weil. Weil also failed to respond to the Bar’s request for admissions which were sent to him along with a copy of the complaint. On May 3, 1990, the referee granted the Bar’s motion for order deeming matters admitted filed pursuant to rule 1.370, Florida Rules of Civil Procedure. Although notice of the hearing was sent to Weil at his record Bar address, office address and last known home address, Weil failed to appear at the final hearing which was held May 18, 1990.
Based upon the pleadings, matters set forth in the request for admissions which are deemed admitted, and evidence presented at the final hearing, the referee made the following findings:
1. Respondent, JOSEPH H. WEIL, is, and at all times hereinafter mentioned was, a member of The Florida Bar, subject to the jurisdiction and disciplinary rules of the Supreme Court of Florida.
2. On or about October 8, 1987, Respondent paid his Bar dues for the dues period July 1987 through July 1988.
3. Respondent has not paid any Bar dues since October 1987.
4. Respondent is delinquent in his payment of annual Bar dues for the periods July 1988 through 1989 and July 1989 through 1990.
5. As a result of his failure to pay Bar dues, Respondent became a delinquent member of The Florida Bar on September 30, 1988 pursuant to Rule 1-7.3, Rules Regulating The Florida Bar, and has retained his delinquent status since that date.
6. Respondent was suspended from the practice of law on October 1, 1988.
7. Respondent has not been reinstated, nor has he applied for reinstatement.
8. Pursuant to Rule 1-3.6, Rules Regulating The Florida Bar, as a delinquent member Respondent is prohibited from practicing law.
9. Respondent was notified by The Florida Bar, in writing, of his delinquent status and specifically that he was prohibited from practicing law.
10. In addition, in March 1989 Respondent was contacted by a Bar Staff Investigator to confirm that he was fully aware of his delinquent Bar status and that he was prohibited from practicing law.
11. During 1988 and 1989, Respondent was employed as a city attorney for the City of Sweetwater, Florida.
12. Respondent engaged in the practice of law as a city attorney during the period that he was suspended from the practice of law for nonpayment of dues.
The referee recommends that Weil be found guilty of engaging in the practice of law while under suspension for nonpayment of dues, as charged in the Bar’s complaint. Although the Bar originally sought a ninety-day suspension, the referee recommends that Weil be disbarred for a period of five years in accordance with rule 3-5.-1(f) of the Rules Regulating The Florida Bar. This recommendation was based on the following aggravating factors:
1. That Respondent practiced law while suspended ... since October 1988. Respondent's record of earnings reflect that he continuously engaged in the prac *204 tice of law as a City Attorney for the City of Sweetwater during his suspension.
2. That Respondent failed to reinstate his membership, or even apply for reinstatement, which clearly reflects an indifference to professional regulations.
3. That despite notice, Respondent failed to make any appearance in this disciplinary proceedings. This further demonstrates Respondent’s lack of regard for professional regulations as well as a willful indifference to the disciplinary system.
4. That Respondent has a history of prior disciplinary action consisting of two (2) public reprimands [The Florida Bar v. Weil, 511 So.2d 988 (Fla.1987); The Florida Bar v. Weil, 373 So.2d 659 (Fla.1979) ] involving neglect of legal matters.
Weil filed a motion to remand to the referee to allow him to present mitigating evidence which was denied by this Court and filed the instant petition for review of both the finding of guilt and recommendation of discipline.
First, we reject Weil’s argument that as “salaried house counsel [for the City of Sweetwater] who does not appear in court,” he is not subject to regulation by the Bar. As a member of The Florida Bar, Weil is subject to the jurisdiction and disciplinary rules of this Court. Art. V, § 15, Fla. Const.; Rule 3-1.2, R.Regulating Fla. Bar. The nature of his practice, as city attorney, does not deprive The Florida Bar, acting as an agency of this Court, of jurisdiction to enforce the Rules Regulating The Florida Bar.
We also cannot agree with Weil that the referee’s findings of guilt are not supported by the record. Evidence was submitted establishing Weil’s continuous employment as city attorney during the period at issue. No evidence was presented to support Weil’s contention that his duties as city attorney did not involve the practice of law. Moreover, by failing to answer the Bar’s request for admissions, Weil admitted the charge of practicing law while suspended for nonpayment of dues, see The Florida Bar v. Hollingsworth, 376 So.2d 394 (Fla.1979), and will not now be heard to argue otherwise.[1]
Although we approve the referee’s finding of guilt, we reject his recommendation that disbarment is the appropriate discipline. However, we do believe that in light of the aggravating factors present, a six-month rather than a ninety-day suspension is warranted.
Accordingly, Joseph H. Weil is suspended from the practice of law for a period of six months to commence upon his reinstatement to active membership in The Florida Bar pursuant to rule 1-3.7, Rules Regulating The Florida Bar. See The Florida Bar v. Levkoff, 511 So.2d 556 (Fla.1987) (suspension resulting from practicing law while suspended for nonpayment of dues should commence at time of reinstatement.) Judgment for costs in the amount of $867.60 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDonald, BARKETT, GRIMES and KOGAN, JJ., concur.

. During oral argument before this Court, Mr. Weil admitted appearing as attorney of record on behalf of Barney Koretsky before both the Circuit Court of the Seventeenth Judicial Circuit and this Court during the time of his suspension. See In re Recall of Koretsky, 557 So.2d 24 (Fla.1990). Although this representation was not undertaken in his capacity as city attorney, such is a clear instance of practicing law while suspended for nonpayment of dues, in violation of Rule 1-3.6 of the Rules Regulating The Florida Bar, as alleged in the Bar’s complaint.