654 So.2d 905 (1995)
THE FLORIDA BAR, Complainant,
v.
Phillip R. WASSERMAN, Respondent.
No. 82842.
Supreme Court of Florida.
April 20, 1995.
Rehearing Denied May 17, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Stephen C. Whalen, Asst. Staff Counsel, Tampa, for complainant.
Phillip R. Wasserman, Clearwater, pro se.
PER CURIAM.
This attorney-disciplinary proceeding is before the Court on petition of The Florida Bar. We have jurisdiction based on article V, section 15 of the Florida Constitution.
The Florida Bar has filed a petition challenging the recommended sanctions for attorney Phillip R. Wasserman. The referee recommended that Wasserman receive a public reprimand, forfeit a $1000 fee from a client, and receive six months' probation for practicing law while suspended. She also recommended that Wasserman pay $3271.04 in costs. The Bar argues that Wasserman should receive a sixty-day suspension instead of a public reprimand.
We agree with the Bar and suspend Wasserman for sixty days because we find that this sanction serves the purposes of attorney discipline.
This case arises from the Bar's two-count complaint against Wasserman. In Count 1, the referee found that Wasserman violated Rule of Professional Conduct 4-5.5(a)[1] and Rule 4-8.4(c) and (d).[2] In an unrelated disciplinary case, this Court ordered Wasserman to pay $2721.57 in costs. Wasserman sent the Bar a check for this amount, including interest, on September 29, 1992. The check bounced. Wasserman also *906 mailed his bar dues on September 29 and that check cleared.
When the Bar learned that the check for disciplinary costs bounced, it notified Wasserman on October 23, 1992, that it was returning his dues check. The Bar mailed Wasserman notice on November 9, 1992, that he was suspended as of October 1, 1992, because he had not paid his outstanding disciplinary costs. Wasserman acknowledged receiving that letter on November 12, 1992.
The Bar refunded Wasserman's dues check, but Wasserman did not cash the check. He paid his disciplinary costs and reinstatement fees on December 8, 1992. The Bar applied money from the refund check that Wasserman had not cashed toward his dues and reinstated him on December 14, 1992.
After the Bar notified Wasserman of his suspension, Wasserman continued to represent clients. He testified that he did not tell his clients or judges before whom he appeared of his suspension because he did not think the Bar had legally suspended him. Wasserman never challenged his suspension, however.
The referee found that a lawyer misrepresents himself, if only by silence, if he continues to practice after he is notified of his suspension, takes no formal steps to challenge a position he believes to be without legal authority, and continues to hold himself out as a member of the Bar in good standing. The referee said that such behavior prejudices the administration of justice.
In Count 2, the referee found that Wasserman violated Rule 4-1.5(a)[3] and Rule 4-1.16(a).[4] On November 29, 1992, after Wasserman had been notified of his suspension, he consulted with a potential client about a child custody matter. He agreed to represent the client and accepted a $1000 retainer.
In deciding what sanction to recommend, the referee considered in mitigation that Wasserman did not cause actual harm to any client, person, or court; he had severe financial difficulties at the time; he met his obligations to the Bar within sixty-eight days of his suspension; he had provided pro bono legal services; he appeared remorseful (at least to the extent he regrets "that it happened"); and his prior disciplinary problems, although they involve money, were dissimilar.
The referee considered in aggravation Wasserman's two prior public reprimands and an admonishment for misconduct;[5] that Wasserman had other options such as voluntarily suspending his practice until he could meet his financial obligations; that Wasserman put himself into the situation; and that Wasserman had substantial experience in the practice of law.
The referee recommended a public reprimand because she found that even though Wasserman had the potential to cause harm, he did not actually do so.
A referee's findings of fact carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. The Fla. Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). The record supports the referee's findings.
Wasserman claims that he should not have been found guilty of any rules violations because he was reinstated within sixty days of his delinquency suspension and the suspension was the result of the Bar's improper *907 actions regarding the availability of a payment plan. We reject this argument.
Rule Regulating The Florida Bar 1-7.3(a) says that the Bar shall not accept dues from a member who is delinquent in the payment of costs or restitution imposed in a disciplinary proceeding. When the Bar learned that Wasserman's check for costs in the unrelated disciplinary matter had bounced, it returned his check dated September 29, 1992, for Bar dues.
Under Rule 1-7.3(d), "Upon failure to pay dues and any late charges by September 30, the member shall be a delinquent member." This rule does not require notice to the delinquent attorney. Thus, because Wasserman had not paid his disciplinary costs as of September 30, the Bar could not accept his dues check and Wasserman was delinquent as of September 30.
According to Rule Regulating The Florida Bar 1-3.7(f), "Reinstatement from dues delinquency accomplished within sixty (60) days from the date of delinquency shall be deemed to relate back to the date before the delinquency." (Emphasis added.) As mentioned, Wasserman was delinquent as of September 30. Wasserman was notified on November 9, 1992, that he was suspended as of October 1, 1992. He paid his disciplinary costs and reinstatement fees as of December 8, 1992, and was reinstated on December 14, 1992.
Rule 1-3.7(f) calculates the time until reinstatement from the date of delinquency and not from the date of notification of delinquency. Thus, the referee correctly concluded that sixty-eight days passed from the date of delinquency before Wasserman met his obligations to the Bar. We find no merit to Wasserman's argument that he was reinstated within sixty days.
We also must decide the appropriate sanction for Wasserman. Here our scope of review is somewhat broader than that for our review of the findings of fact. This is because we ultimately have the responsibility to order an appropriate sanction. See The Fla. Bar v. Pearce, 631 So.2d 1092, 1093 (Fla. 1994).
The referee has recommended a public reprimand. The Bar urges a sixty-day suspension because Wasserman intentionally continued to practice law after he was notified of his suspension for failing to pay his Bar dues. Wasserman argues that if he must be sanctioned, this Court should follow the referee's recommendation.
In deciding the appropriate sanction for an attorney's misconduct, a bar disciplinary action must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must sufficiently deter other attorneys from similar misconduct. See, e.g., The Fla. Bar v. Poplack, 599 So.2d 116, 118 (Fla. 1992); The Fla. Bar v. Pahules, 233 So.2d 130, 132 (Fla. 1970).
Florida's Standards for Imposing Lawyer Sanctions provide that suspension is appropriate "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." Fla. Stds. Imposing Law. Sancs. 7.2. (Emphasis added.) The commentary to this standard explains that suspension is appropriate even when the lawyer does not intentionally abuse the professional relationship by engaging in deceptive conduct.
A public reprimand is appropriate when "a lawyer negligently engages in conduct that is a violation of a duty owed as a professional, and causes injury or potential injury to a client, the public, or the legal system." Fla. Stds. Imposing Law Sancs. 7.3. (Emphasis added.) The commentary indicates that a public reprimand is appropriate in most cases of a violation of a duty owed as a professional where there is little or no injury to a client. This Court has held that public reprimand is appropriate for "isolated instances of neglect, lapses of judgment, or technical violations of trust accounting rules without willful intent." The Fla. Bar v. Rogers, 583 So.2d 1379, 1382 (Fla. 1991).
The referee indicated that she did not think a suspension was appropriate because there was no actual harm. She said she would have recommended an admonishment if not for Wasserman's prior disciplinary problems and said she would have recommended a suspension or disbarment if Wasserman *908 had harmed a client, another person, or the court system.
The Bar argues that a sixty-day suspension is appropriate because of Wasserman's disciplinary history and the significant potential for harm to a client, another person, or the court system. This Court has ordered suspension for a lawyer who engaged in the practice of law while under suspension. See The Fla. Bar v. Weil, 575 So.2d 202 (Fla. 1991) (ordering six-month suspension for lawyer with prior disciplinary record[6] who practiced law while under suspension for nonpayment of dues); The Fla. Bar v. Levkoff, 511 So.2d 556 (Fla. 1987) (ordering ninety-day suspension for practicing law while under suspension for nonpayment of dues). In addition, this Court has ordered a sixty-day suspension for a lawyer who failed to disclose essential matters in business transactions with nonclients. The Fla. Bar v. Adams, 453 So.2d 818 (Fla. 1984) (ordering suspension when lawyer failed to notify a business partner of the sale of property by lawyer as trustee for a group of investors and failing to make a timely accounting of funds received from the sale).
Although Wasserman did not cause any harm when he continued to practice law after he was notified of his suspension, there was potential for great harm. In addition, his actions were intentional and deliberate: Wasserman said he continued to practice even after he was notified of his suspension because he did not believe the Bar was justified in suspending him. Yet he did not take any steps to challenge his suspension, such as filing a petition for review with this Court.
When imposing a sanction, it is also appropriate for us to consider an attorney's disciplinary history. The Fla. Bar v. Lawless, 640 So.2d 1098, 1101 (Fla. 1994) (considering disciplinary history in determining that case warranted more than a public reprimand); The Fla. Bar v. Greenspahn, 386 So.2d 523, 524 (Fla. 1980) (prior misconduct and cumulative misconduct are relevant factors in determining attorney sanction).
Taking all of these factors into consideration, we find that a sixty-day suspension serves the purposes of attorney discipline. We also impose the referee's other recommended sanctions of forfeiting the $1000 fee from a client and following the suspension with six months' probation.
Wasserman is hereby suspended from the practice of law for sixty days. The suspension will be effective thirty days from the filing of this opinion so that Wasserman can close out his practice and protect the interests of existing clients. If Wasserman notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Wasserman shall accept no new business from the date this opinion is published until the suspension is completed. The cost of these proceedings are taxed against Wasserman and judgment is entered in the amount of $3271.04, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] This rule prohibits a lawyer from practicing law in a jurisdiction where doing so violates the regulation of the legal profession in that jurisdiction.
[2] This rule provides that a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation; or engage in conduct prejudicial to the administration of justice.
[3] This rule prohibits a lawyer from entering into an agreement for, charging, or collecting an illegal, prohibited, or clearly excessive fee.
[4] This rule provides that an attorney shall not represent a client, or, where the representation has begun, shall withdraw from representing a client if the representation will result in a violation of the Rules of Professional Conduct or the law, a lawyer's physical or mental condition materially impairs a lawyer's ability to represent a client, or the lawyer is discharged.
[5] The prior disciplinary action consists of (1) a public reprimand in 1992 for trust account violations that did not cause harm to a client and involved record-keeping problems; (2) a public reprimand in 1990 for failing to advise the Florida Board of Bar Examiners that he had been held in contempt of court in connection with his status as a party in a civil lawsuit in which he was represented by an attorney and during the course of which he became an attorney; and (3) an admonishment in 1992 for minor misconduct involving his withdrawal from a case.
[6] Weil's disciplinary record consisted of two public reprimands for neglect of legal matters. See The Fla. Bar v. Weil, 575 So.2d 202, 204 (Fla. 1991).