664 So.2d 925 (1995)
THE FLORIDA BAR, Complainant,
v.
Freeman KING, Respondent.
No. 84623.
Supreme Court of Florida.
September 14, 1995.
Rehearing Denied December 20, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Alisa M. Smith, Bar Counsel and David M. Barnovitz, Co-Bar Counsel, Fort Lauderdale, for complainant.
James O. Walker, III of the Law Offices of James O. Walker, III, Pompano Beach, for respondent.
PER CURIAM.
This attorney-discipline case is before the Court on petition of attorney Freeman King, who seeks review of a referee's recommendation that he receive a five-year suspension for his handling of a case. We have jurisdiction based on article V, section 15 of the Florida Constitution.
We approve the referee's findings of fact, but find that the referee's recommendation of a five-year suspension cannot stand because Rule Regulating the Florida Bar 3-5.1(e) prohibits suspension for a specific time period of more than three years. We impose a three-year suspension on King because that sanction serves the purposes of attorney discipline.
King was admitted to The Florida Bar in October 1980. In November 1994, the Bar filed a four-count complaint accusing King of misconduct in connection with his representation *926 of Charles Baldwin. Baldwin had spoken with King in late 1992 about a lawsuit involving Baldwin and his company, CSB Construction, Inc. The suit, which named Baldwin and his company as defendants, was filed on December 3, 1992.
The referee made these findings of fact:
Count 1 concerns an extension of time that King received to file an answer to the complaint. King failed to file an answer by the extension date, January 8, 1993. The court entered a default judgment against the defendants on January 12, 1993, based on King's failure to file any papers in the litigation. (Although not in the referee's findings, the record shows that King filed an answer and a counterclaim on January 13, 1993.)
Count 2 deals with a motion for summary judgment that opposing counsel filed. King did not appear at a hearing on the motion, and the court entered an order of summary final judgment against Baldwin and his company. King later asked the court to excuse his clients from summary judgment, but the court found that King's neglect and failure to attend the noticed hearing were inexcusable.
In Count 3, the referee found that King was notified that the plaintiff had scheduled depositions for his clients. King did not notify his clients of the depositions, and neither they nor King attended.
Count 4 concerns King's failure to initiate communications that would keep his clients adequately informed about his representation and his failure to respond to his clients' requests for status reports about his representation.
In Counts 1, 2, and 3, the referee found King guilty of violating Rule Regulating the Florida Bar 4-1.1 (lawyer shall provide competent representation to a client) and Rule 4-1.3 (lawyer shall act with diligence in representation of a client). In Count 4, the referee found King guilty of violating Rule 4-1.4(a) (lawyer shall inform client of status of representation and promptly comply with reasonable requests for information) and Rule 4-1.4(b) (lawyer shall explain matter to the extent reasonably necessary to permit client to make informed decisions about the case).
King's disciplinary history includes a public reprimand for his indemnification of clients who suffered a monetary loss; a grievance committee admonition for findings including lack of diligence and inadequate client communication; and a ninety-day suspension for misconduct including trust account violations.
Based on King's disciplinary record and the violations in the instant case, the referee recommended a five-year suspension. He also recommended that King be required to pay at least $864.15 in costs and allowed the Bar to file a supplemental statement of costs at a later date.
King has filed a petition challenging the referee's findings, determination of guilt, and recommended sanction. He contends that although he and Baldwin discussed the lawsuit, the two did not have an attorney-client relationship. He asks this Court to remand the case for a determination of when Baldwin paid a cash retainer. King argues that unless the referee finds on remand that Baldwin paid a retainer, there is no attorney-client relationship and no basis for a finding of misconduct and imposition of sanctions.
King argues that a contract for employment as an attorney must be supported by consideration. Baldwin claims to have paid King a cash retainer in December 1992. King says Baldwin could not have retained him then because he was out of the office during much of December due to illness and hospitalization. King says Baldwin did not pay any retainer until February 1993, when Baldwin gave him an $800 check (for which there were insufficient funds).
King acknowledges that he took actions in connection with the suit against Baldwin and his company, but says they do not support an attorney-client relationship. We disagree. King wrote a letter to opposing counsel on December 7, 1992, that says "this office has been retained by Charles Baldwin." He talked on the phone with opposing counsel about securing an extension of time in which to file an answer. He wrote opposing counsel on January 13, 1993, and thanked him for *927 agreeing to the extension of time because King could not "file an Answer on behalf of my client" within the appropriate time frame. And King filed an answer and counterclaim in which he identified himself as the attorney for defendants Baldwin and CSB Construction.
We need not resolve any factual disputes over when King and Baldwin met and whether Baldwin paid a cash retainer. The record shows that King took action on behalf of Baldwin and his company and King identified them as his clients.
A fee is not necessary to form an attorney-client relationship. Dean v. Dean, 607 So.2d 494, 500 (Fla. 4th DCA 1992) (also explaining that payment of fee is not required to create attorney-client privilege), review dismissed, 618 So.2d 208 (Fla. 1993). If a fee were required to establish an attorney-client relationship, a lawyer could never perform work pro bono for a client.
Courts have also recognized that while lawyers are entitled to charge for their services, they cannot simply abandon a case once they have provided services without compensation. Atilus v. United States, 406 F.2d 694, 696 (5th Cir.1969); see also Brown v. Vermont Mut. Ins. Co., 614 So.2d 574, 579-80 (Fla. 1st DCA 1993) ("Once an attorney has appeared in pending litigation to represent a party, that attorney cannot withdraw from the case pursuant to discharge by the client without leave of court granted by order after due notice to both the attorney and client.").
King's actions establish an attorney-client relationship. Once he began representing Baldwin and his company, he could not simply stop representing his clients without following the procedures for withdrawal described in Rule 4-1.16(d) (requiring withdrawing lawyer to take steps to protect a client's interest). King did not try to protect his clients' interest, as shown, for example, by his failure to respond to notices for depositions and by allowing the entry of summary final judgment.
We find support in the record for the referee's findings and, accordingly, uphold the findings.
Both Baldwin and the Bar agree that the referee's recommended five-year suspension exceeds the length of suspension allowed by Rule 3-5.1(e) ("No suspension shall be ordered for a specific period of time in excess of 3 years."). Thus, we must decide the appropriate sanction for King.
The sanction in a bar disciplinary case must serve three purposes: the judgment must be fair to society, it must be fair to the attorney, and it must sufficiently deter other attorneys from similar misconduct. Florida Bar v. Wasserman, 654 So.2d 905, 907 (Fla. 1995). In addition, this Court may consider an attorney's disciplinary history. Id. at 908.
King has been sanctioned three times since 1990. First, he receive a public reprimand and probation for neglect in 1990. Second, he received a grievance committee admonishment for neglect in 1991. Third, he received a ninety-day suspension and three years' probation in 1994 for separate, numerous grievances including lack of diligence, inadequate client communications, incompetent representation, trust account violations, and misrepresentations.
King has shown a pattern of neglecting clients and seriously affecting their interests. In addition, the misconduct in the instant case occurred while he was on probation for the 1994 case. Under the circumstances, a three-year suspension is the appropriate sanction for King. This sanction serves the purposes of attorney discipline and reflects our concern with King's disciplinary history.
King is hereby suspended from the practice of law for three years. The suspension will be effective thirty days from the filing of this opinion so King can close out his practice and protect the interests of existing clients. If King notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. King shall accept no new business from the date this opinion is published until the suspension is completed. The costs of these proceedings are taxed against King and judgment is entered in the *928 amount of $1,338.92,[1] for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The costs include $836.65, as listed in the referee's final report, and $502.27, as listed in the Bar's supplemental statement of costs.