PER CURIAM.
We have for review a referee’s report regarding alleged ethical breaches by Keith F. Roberts. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution. We approve the referee’s report and his recommendation that Roberts be suspended from the practice of law for ninety days.
The Florida Bar filed a complaint against Roberts based on his alleged failure to comply with the Bar’s continuing legal education requirements (CLER). Apparently Roberts had taken the required courses but failed to report his hours to the Bar. Roberts received a letter from the Bar in December of 1997 informing him of his delinquent status and advising him that pursuant to rule l-3.4(a) of the Rules Regulating The Florida Bar a delinquent member should not engage in the practice of law. Roberts received another letter from the Bar in January of 1998 advising him that he had been suspended due to his CLER delinquency. Roberts failed to notify his clients of his suspended status and continued to practice law. Roberts did not submit his petition for reinstatement until July 13, 1998. On July 14, 1998, Roberts testified under oath at a grievance committee hearing and asserted that he was an active member in good standing of The Florida Bar.
After conducting a hearing, the referee, circuit court judge Mark I. Shames, found Roberts guilty of violating the following Rules Regulating The Florida Bar: rule 6-10.4 (reporting requirements), rules 1-3.4 and 1-3.6 (shall not practice law while under suspension as a delinquent member), and rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation-based on Robert’s testimony before the grievance committee that he was an active member in good standing of The Florida Bar). The referee recommended that Roberts be suspended from the practice of law for ninety days. The Board of Governors of The Florida Bar voted to file a petition for review of the referee’s report and to seek a ninety-one-day suspension. Roberts has cross-petitioned alleging that his statement that he was active and in good standing cannot be properly viewed as a misrepresentation and that a ninety-one-day suspension is unwarranted.
Roberts does not challenge the referee’s findings of guilt regarding rule 6-10.4 (reporting requirements), or rules 1-3.4 and 1-3.6 (shall not practice law while under suspension as a delinquent member). However, Roberts does challenge the referee’s finding of guilt regarding rule 4-8.4(c) (conduct involving dishonesty, fraud, deceit or misrepresentation).[1] Roberts argues that his response to the grievance committee represented an expression of a *287 legal position and therefore was not a misrepresentation. In his final report, the referee made the following findings regarding the misrepresentation charge:
15. The transcript of the proceedings before the Grievance Committee on July 14, 1998, (Bar’s Exhibit 9), establish that the Respondent asserted at that time, under oath, that he was an active member in good standing of The Florida Bar. The Respondent clearly did' not enjoy such status at that time as far as the Bar was concerned. At the time, Respondent, arguably, may not have considered himself suspended, but his sworn answer to the Committee, especially in light of his acknowledged concern about the issue of practicing while he was suspended, was a clear misrepresentation.
Referee’s Final Report at S.
A referee’s findings of fact carry a presumption of correctness and should be upheld unless they are clearly erroneous or there is no evidence in the record to support them. See Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). If a referee’s findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. See Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). A party challenging the referee’s findings carries the burden of demonstrating that there is no evidence in the record to support those findings or that the record clearly contradicts those conclusions. See Florida Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996). In the present case, the referee’s findings are supported by competent, substantial evidence. Roberts testified before the Grievance Committee that he was an active member in good standing of The Florida Bar, when in fact Roberts was aware at that time that he had been suspended due to his CLER delinquency.
 In contrast with a review of the referee’s findings of fact, which should be upheld if supported by competent, substantial evidence, this Court has a broader scope of review regarding a referee’s recommended discipline because the Court bears the ultimate responsibility of ordering the appropriate sanction. See Florida Bar v. Vining, 707 So.2d 670, 673 (Fla.1998). However, a referee’s recommendation will be followed if reasonably supported by existing case law. See id. As explained below, we find support for the referee’s recommendation in this case.
Cumulative misconduct is a relevant factor when determining an appropriate sanction. Ordinarily, cumulative misconduct is dealt with more harshly than isolated misconduct. See Florida Bar v. Bern, 425 So.2d 526, 528 (Fla.1982). Moreover, “cumulative misconduct of a similar nature should warrant an even more severe discipline than might dissimilar conduct.” Id.
In Florida Bar v. Roberts, 689 So.2d 1049 (Fla.1997), this Court suspended Roberts for ninety days and placed him on probation for three years for negligently representing a client. Roberts’ previous misconduct, however, is not of a similar nature to the misconduct in the present case.
The Bar cites to two cases which resemble the facts of the present case: Florida Bar v. Wasserman, 654 So.2d 905 (Fla.1995), and Florida Bar v. Levkoff, 511 So.2d 556 (Fla.1987). In both of these cases, the attorneys received suspensions of less than ninety-one days. In Wasserman, the attorney received a sixty-day suspension for continuing to practice law after receiving notice that he had been suspended for failing to pay outstanding *288 disciplinary costs. Wasserman had previously been given two public reprimands and an admonishment. In Levkoff, the attorney agreed to a ninety-day suspension for practicing law for seven months while under suspension for nonpayment of dues.
The only case cited by the Bar involving similar facts and a suspension of more than ninety days is Florida Bar v. Weil, 575 So.2d 202 (Fla.1991), where the attorney was suspended for six months. Yet the conduct in Weil was more egregious than the present case. In Weil, the attorney continued to practice law even though he was suspended for nonpayment of dues. In addition, he failed to respond to the Bar’s request for admissions and failed to appear during the disciplinary proceedings. The referee in Weil, who recommended disbarment, focused on Weil’s failure to appear at the disciplinary proceedings and characterized Weil’s conduct as willful indifference to the disciplinary system. In contrast, Roberts has not demonstrated such willful indifference in the present case. Accordingly, we approve the referee’s recommendation as to discipline.
Keith F. Roberts is hereby suspended from the practice of law for ninety days. The ninety-day suspension will be effective thirty days from the filing of this opinion so that Roberts can close out his practice and protect the interests of existing clients. If Roberts notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Roberts shall accept no new business from the date this opinion if filed until the suspension is complete.
Judgment is entered for The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida, 32399-2300, for recovery of costs from Keith F. Roberts in the amount of $1,247.36, for which sum let execution issue.
It is so ordered.
WELLS, C.J., and SHAW, HARDING, ANSTEAD, PARIENTE, LEWIS and QUINCE, JJ., concur.

. Roberts argues that the alleged misrepresentation was not set forth in the Bar's complaint. We find no merit to this argument as our review of the complaint leads us to con-elude that Roberts was clearly put on notice of the Bar’s intent to charge him with misrepresentation based on his testimony in front of the grievance committee.