PER CURIAM.
This disciplinary proceeding is before us upon the complaint of The Florida Bar and the report of a referee. Neither The Florida Bar nor the respondent have petitioned for review of the report. We have jurisdiction. Art. Y, § 15, Fla. Const.; Fla.Bar Integr.Rule, art. XI, Rule 11.09.
The referee found that respondent engaged in unethical conduct by failing to notify a business partner of the sale of some property by respondent as trustee for a group of investors and failing to make a timely accounting of funds received from the sale. The referee recommended that respondent be suspended from the practice of law for sixty days with automatic reinstatement and that he pay for the costs of these proceedings. It is uncontested that an attorney can be disciplined for failing to completely disclose essential matters in business transactions with non-clients. E.g., The Florida Bar v. Davis, 373 So.2d 683 (Fla.1979); The Florida Bar v. Bennett, 276 So.2d 481 (Fla.1973). We approve the referee’s findings of fact. Because neither party has sought review of the recommended discipline, we adopt it. See Fla.Bar Integr.Rule, art. XI, Rule 11.-09(3)(f). Respondent is hereby suspended from the practice of law for a period of sixty days. He is allowed thirty days for the orderly closing of his practice. Respon *819 dent shall also pay to The Florida Bar $1,299.39, the costs of these proceedings.
It is so ordered.
BOYD, C.J., and OVERTON, MCDONALD, EHRLICH and SHAW, JJ., concur.