EHRLICH, Justice,
concurring in part and dissenting in part.
I concur as to respondent’s guilt and dissent as to the appropriateness of the discipline.
In summary form, these are the findings of fact by the referee. Respondent borrowed $30,000 from each of two sets of in-laws, and prepared, filed and had recorded a .mortgage and note for each in-law purportedly encumbering the same parcel of property for security. Neither in-law knew about the respondent’s deal with the other and neither knew about the mortgage to the other. Each in-law took out a second mortgage on his home in order to get the funds with which to make the temporary loan to respondent. At the time each mortgage was recorded, it was subject to another lien and was already in foreclosure. There was no attorney-client relationship and respondent was the only attorney involved and did the necessary legal work.
The referee found that respondent abused his status as an attorney to secure the loans from his relatives and was guilty of overreaching in his dealings with them. The referee found respondent guilty of engaging in conduct contrary to honesty, justice, or good morals, of engaging in conduct involving dishonesty, fraud, deceit or misrepresentations, and of engaging in other misconduct adversely reflecting on his fitness to practice law. For this litany of misconduct, the referee recommended that respondent be publicly reprimanded by personal appearance before the Board of Governors of The Florida Bar.
Neither party contested the referee’s report.
After an initial review of the case, this Court called upon the parties to serve simultaneous briefs in this cause as to the respondent’s recommended penalty pursuant to Integration Rule of The Florida Bar, art. XI, Rule 11.09(3)(f). The Florida Bar filed a brief and supported the recommended discipline.
The recommended discipline, in my opinion, is nothing more than a mild, gentle, slap on the wrist, and I am at an utter loss to fathom an explanation why The Florida Bar is seemingly satisfied with the referee’s recommendation. The fact that the misconduct took place in a non-lawyer-client setting is no defense, The Florida Bar v. Adams, 453 So.2d 818 (Fla.1984) and the fact that the victims were in-laws can hardly be a mitigating factor.
When we talk about “conduct contrary to honesty, justice or good morals, ... involving dishonesty, fraud, deceit, or misrepresentation” and “other misconduct adversely reflecting on his fitness to practice law,” we are referring to conduct by a lawyer that should not be tolerated or condoned. Respondent hoodwinked, to use the vernacular, his in-laws to their financial detriment. He asked each for a temporary loan to help him out of his financial difficulties and each committed himself to further indebtedness by placing a second mortgage on his home in order to help respondent. They believed him, they trusted him, and left it up to him to do the necessaries to give them security, as he promised, for their loans. He committed fraud and deceit from the outset. He betrayed their trust throughout. His conduct was utterly reprehensible.
In Adams, respondent engaged in unethical conduct by failing to notify a business partner of the sale of some property by *1367 respondent as trustee for a group of investors and failing to make a timely accounting of funds received from the sale. This Court approved the referee’s recommendation of sixty days suspension with automatic reinstatement. Should respondent receive less punishment in the way of discipline? I think not. He merits a suspension of ninety-one days as a minimum.