659 So.2d 1082 (1995)
THE FLORIDA BAR, Complainant,
v.
Amy Lee BURKICH-BURRELL, Respondent.
No. 83351.
Supreme Court of Florida.
September 7, 1995.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Pamela Pride-Chavies, Bar Counsel, Miami, for complainant,
Amy L. Burkich-Burrell, Miami, pro se.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report finding various ethical breaches by Amy Lee Burkich-Burrell. We have jurisdiction. Art. V, § 15, Fla. Const.
The Florida Bar filed a complaint against Amy Lee Burkich-Burrell (Burkich), charging her with violating the following Rules Regulating The Florida Bar: Rule 4-3.4(a) (a lawyer shall not unlawfully obstruct another party's access to evidence the lawyer knows or reasonably should know is relevant to a pending proceeding or counsel or assist another to do any such act); Rule 4-4.1(a) & (b) (in representing a client a lawyer shall not knowingly a) make a false statement of material fact or law to a third party; or b) fail to disclose a material fact to a third person when disclosure is necessary to avoid assisting a fraudulent act by a client); and Rule 4-8.4(a) & (c) (a lawyer shall not a) violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another or c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation). The charges resulted from Burkich's representation of her husband, William Burrell, in a law suit to recover for injuries he sustained in a 1989 automobile accident.
After a hearing, the referee made the following findings of fact. In June 1986, Burkich and her husband, William Burrell, were involved in an automobile accident with a vehicle owned by the City of Coral Gables. As a result of the accident, Burrell sustained multiple injuries, including injuries to his neck. He was treated for the injuries by three different doctors. Burrell filed suit against the city in May 1990.
In December 1989, Burrell was involved in a second automobile accident with a vehicle owned and operated by Matias Garcia. As a result of that accident, Burrell again sustained injuries, which included neck injuries. Burrell filed suit against Garcia in January 1990. Burkich represented Burrell in the second suit and also was a plaintiff in the action.
*1083 Elwood T. Lippincott, Jr., who represented Garcia, propounded interrogatories to Burrell. Interrogatory 18 requested that Burrell provide the names, business addresses and telephone numbers of all medical doctors by whom, and all hospitals at which, he had been examined and/or treated in the past five years. Interrogatory 20 requested that, if Burrell had ever been involved in an accident of any kind before or after the accident in suit, he state the date and type of accident, the location of the accident, the injuries sustained, and the complete names and addresses of all hospitals, physicians, dentists and clinics he went to for any reason as a result of each accident.
In response to Interrogatory 18, Burrell failed to disclose the names and type of medical treatment he received from the three doctors who treated the injuries he sustained in the 1986 accident. In response to Interrogatory 20, Burrell failed to disclose that he suffered a neck injury in the prior accident, for which he was treated by the three undisclosed doctors.
The referee further found that as Burrell's attorney, Burkich failed to properly check or review Burrell's responses. As Burrell's wife, Burkich had personal knowledge of his previous neck injuries and of the prior medical treatment he received in connection with the 1986 accident. Despite her personal knowledge of the prior accident and injuries and the omission of this information in Burrell's response, Burkich notarized the response. Burkich not only failed to check or review the answers, she failed by inaction to correct or disclose the omissions. At the hearing, Burkich attempted to avoid her responsibility by blaming a non-lawyer, a retired, former Illinois attorney, who assisted Burrell in answering the interrogatories. Burkich failed to inform the non-lawyer of the prior accident and the injuries to insure proper disclosure. Burkich admitted that she failed to read, check or review the interrogatories for correctness and truthfulness. The information that was not revealed was known to Burkich and her client/husband at the time the interrogatories were prepared.
Seven months after Burkich notarized the interrogatories, Burrell was deposed with Burkich in attendance. Burrell was asked about prior accidents resulting in neck injuries and Burrell answered that he did not recall. Opposing counsel did not learn of the prior neck injuries until he was able to track down the information through Burrell's medical records. Burkich never amended the answers to the interrogatories.
By her inaction, Burkich assisted her client/husband in withholding information relevant to the issue of damages. The referee also found that Burkich was evasive at the hearing and sought to minimize and avoid her lapses by blaming a non-lawyer and she refused to acknowledge responsibility for her conduct.
The referee recommends that Burkich be found guilty of the charged violations. As discipline, the referee recommends a thirty-day suspension. In mitigation, the referee considered evidence of Burrell's abuse of alcohol and his physical and mental abuse of Burkich. The referee also considered Burkich's lack of prior misconduct and lack of experience in personal injury litigation. In aggravation, the referee considered Burkich's refusal to acknowledge the wrongful nature of her conduct or to accept responsibility for her conduct, her evasive answers during the proceedings, her display of selective recall of events favorable to her and her lack of credibility. Burkich challenges the findings of fact and recommendations as to guilt and sanction.
Where the record supports the referee's findings of fact, we will not reweigh the evidence or substitute our judgment for that of the referee. Florida Bar v. Garland, 651 So.2d 1182, 1184 (Fla. 1995). Our review of the record reveals that the referee's findings of fact are supported by competent, substantial evidence. The findings of fact, in turn, support the recommendation of guilt.
We reject Burkich's contention that she cannot be found guilty of the violations charged because she had no duty to review her client/husband's answers to the interrogatories for correctness because she had no reason to question either the correctness of the answers or her husband's veracity. See Florida Bar Staff Opinion 17571 (informal *1084 unpublished advisory opinion) (whether attorney has duty to review answers to interrogatories prepared by client with assistance of paralegal depends on whether attorney has reason to question veracity of client's representations). We believe an attorney has a duty to review a client's sworn answers to interrogatories for correctness, even when the answers have been prepared by the client and a paralegal.[1] Moreover, apart from this general duty, Burkich had a special duty to ensure that Burrell's answers to the interrogatories were consistent with her knowledge of the events surrounding the 1986 accident.
We also agree with the referee that a suspension is warranted here in light of the fact that Burkich failed to disclose material facts to opposing counsel even though she had first-hand knowledge that contradicted the responses supplied to counsel in the interrogatories. However, while Burkich is guilty of serious misconduct, in light of the unique facts of this case and the mitigating factors present, a thirty-day suspension is sufficient discipline. Accord Florida Bar v. Feige, 596 So.2d 433 (Fla. 1992) (attorney who assisted client in perpetrating fraud on third party suspended for two years); Florida Bar v. Rood, 569 So.2d 750 (Fla. 1990) (attorney who concealed information from opposing counsel and had client sign false answers to interrogatories given one-year suspension); Florida Bar v. Anderson, 538 So.2d 852 (Fla. 1989) (lead attorney failed to correct brief that misrepresented facts of case to court given thirty-day suspension).
Accordingly, we adopt the referee's findings of fact and approve the recommendations as to guilt and discipline. Amy Lee Burkich-Burrell is hereby suspended from the practice of law for a period of thirty days. The suspension will be effective thirty days from the filing of this opinion so that Burkich can close out her practice and protect the interests of her clients. If Burkich notifies this Court in writing that she is no longer practicing and does not need the thirty days to close out her practice, this Court will enter an order making the suspension effective immediately. Burkich shall accept no new business from the date of this opinion until the suspension is completed. Judgment is entered against Burkich for costs in the amount of $2,494.84, for which sum let execution issue.
It is so ordered.
GRIMES, C.J., and OVERTON, SHAW, KOGAN, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] We disapprove Bar Staff Opinion 17571 to the extent that it states otherwise.