712 So.2d 386 (1998)
THE FLORIDA BAR, Complainant,
v.
Gregory G. SCHULTZ, Respondent.
No. 87298.
Supreme Court of Florida.
June 11, 1998.
Joseph A. Corsmeier, Assistant Staff Counsel, Tampa, for Complainant.
Jay A. Hebert, Clearwater, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Gregory G. Schultz. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Florida Bar filed a complaint against Schultz based on his failure to pay Kenna Van Nortwick for four airplane tickets purchased from her travel agency. As a preliminary matter, the referee found that a business relationship, rather than an attorney-client relationship, existed between Schultz and Van Nortwick.
*387 Schultz purchased four airplane tickets from Van Nortwick on the following dates: on March 24, 1994, one ticket for $492.95; on April 8, 1994, two tickets for $511.95; and on April 29, 1994, one ticket for $492.95. The total amount of the ticket purchases was $2,009.80. Based on her eight years of business dealings with Schultz, and contrary to her usual business practice, Van Nortwick extended Schultz credit for sixty days at his request. She allowed a second sixty-day extension also at Schultz's request. On September 16, 1994, Schultz went to Van Nortwick's office to pick up another ticket he had purchased. Schultz gave her a check in the agreed-upon amount of $2000 postdated to December 26, 1994. Schultz stated that he was encountering financial problems, but would settle an estate in December 1994. Van Nortwick accepted the check on those representations.
However, later the same day Schultz stopped payment on the check. When Van Nortwick deposited the check in early 1995, it was returned to her with a notification that payment had been stopped. Van Nortwick contacted an attorney, who (after consulting with Schultz) advised Van Nortwick that if she could wait until the end of January, Schultz would resolve the debt. When Van Nortwick still had not received payment by February 14, 1995, she contacted Schultz and asked Schultz to come by her office to resolve the debt issue. Schultz failed to show up at Van Nortwick's office.
Van Nortwick filed a small claims action against Schultz. In response to this action, Schultz alleged that the entire situation arose from a miscommunication and that he had stopped payment because he was dissatisfied with Van Nortwick's travel services. Van Nortwick stated that she had no indication that Schultz was dissatisfied with her travel services. The parties ultimately settled this action, with Schultz paying Van Nortwick $1700.
The referee found that Schultz had tendered the check with dishonest, fraudulent, and deceitful intent to make misrepresentations to Van Nortwick, as evidenced by the immediate stop-payment order. The referee also concluded that Schultz acted contrary to honesty and justice. The referee recommended that Schultz be found guilty of violating Rules Regulating the Florida Bar 3-4.3 (commission by a lawyer of any act that is contrary to honesty and justice); 4-8.4 (a lawyer shall not violate or attempt to violate a disciplinary rule); and 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation). The referee recommended that Schultz be suspended for at least six months and be required to pay the costs of this action and make full restitution to Van Nortwick.
In recommending this discipline, the referee considered the following facts: Schultz's year of birth (1948); the date he was admitted to the Bar (September 19, 1983); and his prior public reprimand by the Florida Supreme Court in 1993.[1] In aggravation, the referee referred to the following Florida Standards for Imposing Lawyer Sanctions: 9.22(a) (prior disciplinary offenses); 9.22(b) (dishonest or selfish motive); 9.22(g) (refusal to acknowledge wrongful nature of conduct); and 9.22(h) (vulnerability of victim). The referee found no mitigation.
At the hearing, Schultz presented check carbons purporting to show that certain payments were made to Van Nortwick. The referee found that no such payments had been made. The Florida Bar asked the referee to find Schultz's evidence to be a fabrication and an attempted fraud on the court. However, the referee found that the charge of deliberate fabrication was not supported by clear and convincing evidence.
The Bar contends that the referee's refusal to find fabrication of evidence is clearly erroneous. A referee's findings are presumed to be correct and will be upheld unless the party seeking review shows them to be clearly erroneous or lacking in evidentiary support. Florida Bar v. Miele, 605 So.2d 866, 868 (Fla.1992). We find that the Bar has not carried its burden in demonstrating error as to this finding. Moreover, based on a review of the record, we agree with the referee's conclusion that the charge *388 of deliberate fabrication is not supported by clear and convincing evidence.
Schultz contends that there is not competent, substantial evidence of guilt because there is contradictory evidence in the record as to the referee's factual findings. A referee's finding of fact regarding guilt carries a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla.1986). A party does not satisfy his or her burden of showing that a referee's findings are clearly erroneous by simply pointing to the contradictory evidence where there is also competent, substantial evidence in the record that supports the referee's findings. See Florida Bar v. de la Puente, 658 So.2d 65, 68 (Fla.1995); see also Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992) ("If findings of the referee are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee."). In the instant case, we conclude that the referee's findings of fact and recommendations of guilt are supported by competent, substantial evidence. The record shows that Schultz violated the rules listed by intentionally misrepresenting his intention to pay Van Nortwick.
The referee has recommended suspension from legal practice for six months and has ordered Schultz to pay restitution in the amount of $300 (the difference between the $2000 check and the $1700 civil settlement). Schultz contends that the recommended discipline is too severe. He argues that this was an isolated incident not involving a client and therefore public reprimand is the appropriate sanction. The Bar argues that Schultz's conduct warrants disbarment.
In reviewing the referee's recommendation for discipline, our scope of review is somewhat broader than our review of factual findings because this Court has the ultimate responsibility to order an appropriate sanction. Florida Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989). A bar discipline action must serve three purposes: the judgment must be fair to society; it must be fair to the attorney; and it must be severe enough to deter other attorneys from similar misconduct. Florida Bar v. Lawless, 640 So.2d 1098, 1100 (Fla.1994).
This Court has held numerous times that engaging in conduct involving dishonesty, misrepresentation, fraud, or deceit warrants suspension. See, e.g., Florida Bar v. Siegel, 511 So.2d 995 (Fla.1987) (suspending attorneys for ninety days for engaging in deliberate scheme to misrepresent facts in order to secure full financing of purchase for law office); Florida Bar v. Adler, 505 So.2d 1334 (Fla.1987) (suspending attorney for ninety days for fraudulent backdating of instruments in order to obtain tax deductions); Florida Bar v. Vernell, 502 So.2d 1228 (Fla. 1987) (suspending attorney for three months plus one day for materially altering a negotiable instrument by adding his name as payee to a settlement check); Florida Bar v. Fogarty, 485 So.2d 416 (Fla.1986) (suspending attorney for six months for engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation). Moreover, we have held that a public reprimand should be reserved for isolated instances of neglect, lapses of judgment, or technical violations of trust accounting rules without willful intent. See Florida Bar v. Rogers, 583 So.2d 1379, 1382 (Fla.1991). An attorney can also be disciplined for failing to completely disclose essential matters in business transactions with nonclients. Florida Bar v. Adams, 453 So.2d 818 (Fla.1984) (suspending attorney for sixty days for failing to notify business partner of sale of some property while acting as trustee for a group of investors and failing to make a timely accounting of funds received from sale).
Clearly, these cases demonstrate that the discipline warranted is more than the public reprimand urged by Schultz. However, absent a finding of fraudulent misrepresentation to the court, the facts of this case do not warrant disbarment as the Bar urges. Given the severity of the offense and the fact that Schultz has previously received a public reprimand from this Court in 1993, we approve the referee's recommendation that Schultz be suspended and make restitution to Van Nortwick. However, in light of the circumstances of this case, we find that a ninety-day suspension *389 is the appropriate discipline. See Siegel; Adler; Vernell.
Accordingly, Schultz is hereby suspended from the practice of law for ninety days and is ordered to pay restitution in the amount of $300.00 (the difference between the $2000 check and the $1700 civil settlement with Van Nortwick). The suspension will be effective thirty days from the filing of this opinion so that Schultz can close out his legal practice and protect the interests of existing clients. If Schultz notifies this Court in writing that he is no longer practicing and does not need the thirty days, this Court will enter an order making the suspension effective immediately. Schultz shall accept no new business from the date this opinion is filed until he is reinstated. The costs of these proceedings are taxed against Schultz and judgment is entered in the amount of $3,385.00, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., OVERTON, HARDING, WELLS and ANSTEAD, JJ., and GRIMES, Senior Justice, concur.
SHAW, J., concurs in result only.
NOTES
[1] See Florida Bar v. Schultz, 613 So.2d 11 (Fla. 1993).