818 So.2d 477 (2002)
THE FLORIDA BAR, Complainant,
v.
Geneva Carol FORRESTER, Respondent.
No. SC00-813.
Supreme Court of Florida.
May 16, 2002.
*479 John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, Tallahassee, FL; and Susan V. Bloemendaal, Chief Branch Discipline Counsel and Susan Gralla Zemankiewicz, Assistant Staff Counsel, Tampa, FL, for Complainant.
Henry P. Trawick, Sarasota, FL, for Respondent.
PER CURIAM.
Geneva Carol Forrester, a member of The Florida Bar, petitions this Court to review a referee's report recommending that she be found guilty of ethical breaches. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons that follow, we approve the referee's findings of guilt and recommended discipline.

FACTS
The Bar filed a complaint against Forrester alleging that she violated Rules Regulating the Florida Bar 4-3.4(a) ("A lawyer shall not ... unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act."), and 4-8.4(c) ("A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.") in the context of her representation of a construction company in civil litigation. The referee held a hearing and issued a report making the following findings:
[Forrester] represented Caladesi Construction Company, Inc., as one of the defendants in civil litigation initiated by Timothy Rice (Rice) d/b/a Palm Marsh Landscaping, (Plaintiff). Donald Hinrichs (Hinrichs) was the President of Defendant corporation, Caladesi Construction Company, Inc. Michael C. Berry, Sr. (Berry) was the attorney for the Plaintiff in the matter. On March 13, 1998, Berry conducted a deposition of Hinrichs, during which Berry showed Hinrichs Deposition Exhibit 5, a two (2) page document printed on green paper. [Florida Bar Exhibit No. 2] Exhibit 5 was an original copy of a Subcontract Agreement between Caladesi and Rice, with original signatures. During this deposition, both Hinrichs and [Forrester] expressed concern that Exhibit 5 belonged to Hinrichs, and [Forrester] indicated that they wanted the document. Later during the deposition, [Forrester] asked Berry to locate certain documents. When Berry turned around to retrieve the documents from behind his seat, Hinrichs removed Exhibit 5 from the table and handed it to [Forrester]. After Hinrichs handed Exhibit 5 to [Forrester], she moved it below the table and placed it to her right, either in or near her briefcase on the floor. The court reporter, Kaylynn Boyer (Boyer), observed the removal of Exhibit 5 from the table, and during a break, communicated this information to Berry's secretary, who shortly thereafter *480 advised Berry. Berry attempted to schedule an emergency hearing, but when unable to do so, he ordered a second court reporter to come to the deposition. After ordering the second court reporter, Berry returned to the deposition room, resumed questioning Hinrichs, and attempted to locate Exhibit 5. The deposition transcript, reflects the following discourse:
Berry: Let's see, I had his contract here, where is that contract?
[Forrester]: I have a copy here. I don't know that I have all the discovery with me. Let me see.
Berry: I'm looking for the Palm Marsh contract, the green one.
[Forrester]: Hm-mm.
Berry: That was exhibit, I'll tell you which one it was.
[Forrester]: I didn't bring my box with me so I don't know that I have a copy right now. I'm seeing if I did.
* * *
Berry: Exhibit five. All right. So you don't have it?
[Forrester]: I'm not seeing it. I had a copy but I know when you filed the complaint didn't you attach it? That would be the easiest way.
Berry: All right.
[Forrester]: Let me look back there. Yeah, that's it, isn't it, a copy of it?
After the second court reporter, Beth Ann Erickson (Erickson) arrived, Berry asked Erickson to take over for the first court reporter, and inquired of [Forrester] as follows:
Berry: I would like to ask Geneva Forrester if she could show me the contract, Exhibit 5, that she has with her documents, please.
[Forrester]: I have this one, which is a copy, and I have the original.
Berry: Okay. Do you have the green original Exhibit 5?
[Forrester]: Yes. Sure.
Berry: Okay. Where is it?
[Forrester]: Right here.
[Forrester] retrieved Exhibit 5 from beside or near her briefcase, which was located on the floor to her right, and handed it to Berry.
Subsequent to the March 13, 1998 deposition, a Motion for Sanction, based in part upon [Forrester's] conduct at the deposition, was heard by Judge James R. Case, Sixth Judicial Circuit. After a hearing, Judge Case signed a July 27, 1998 Order Denying Defendant's Motion to Strike and Granting in Part and Denying in Part Plaintiff's Motion for Sanctions. [Florida Bar Exhibit No. 3] This order included the following finding: "Ms. Forrester has not presented a satisfactory explanation to the Court for her conduct; therefore, the Court must refer the matter to the Florida Bar."
Based upon the evidence presented at the hearing in this matter, the referee found that Forrester knowingly and intentionally removed and concealed evidence (exhibit 5) for a period of time at the March 13, 1998, deposition. The referee further found that Forrester was given more than one opportunity to return exhibit 5, but did not do so until she was confronted by opposing counsel. Although Forrester expressed the belief that exhibit 5 belonged originally to her client, the referee found that Forrester's belief did not constitute a defense to her taking of the document, as lawful remedies were available for the retrieval of the document. Likewise, the referee found that the availability of copies to the parties did not constitute a defense for Forrester's taking exhibit 5, as it was documentary evidence in a deposition. Accordingly, the referee recommended that Forrester be *481 found guilty of violating rule 4-3.4(a) ("A lawyer shall not ... unlawfully obstruct another party's access to evidence or otherwise unlawfully alter, destroy, or conceal a document or other material that the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding; nor counsel or assist another person to do any such act.").
Additionally, the referee found that Forrester made an intentional misrepresentation concerning the location of exhibit 5 when asked whether she had it. The referee found that, although Forrester truthfully replied, "I'm not seeing it," Forrester's answer was intended to mislead because she in fact knew where the document was located and failed to disclose that information to Berry. As such, the referee recommended that Forrester be found guilty of violating rule 4-8.4(c) ("A lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation.").
The referee recommended that Forrester be suspended for sixty days to be followed by one year of probation during which Forrester must attend, and successfully complete, The Florida Bar's ethics school. The referee found no mitigating factors. In aggravation, the referee found a prior disciplinary history,[1] dishonest or selfish motive, and substantial experience in the practice of law. The referee also recommended that the Bar be awarded $1,335.15 in costs.
Forrester has petitioned this Court to review the referee's report, challenging the referee's recommendations as to guilt, the referee's recommended discipline, and various procedural rulings made or actions taken by the referee.[2]

ANALYSIS
Forrester first challenges the referee's finding that her conduct violated rule 4-3.4(a). Forrester raises three claims that rule 4-3.4(a) does not apply to her conduct at the deposition. We find each of her arguments to be without merit, and address them individually.
First, Forrester argues that rule 4-3.4(a) was not intended to proscribe the concealment of evidence where multiple copies are available or when the concealment lasts for only a short period of time. However, rule 4-3.4(a) specifically prohibits the concealment of a document that "the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding." The rule does not distinguish the situations where multiple copies of documents are available or when the concealment lasts for only a short duration. The comment to rule 4-3.4(a), although not binding authority, supports our finding that the availability of copies of evidence is irrelevant to whether concealment of an original violates the rule. The comment provides, in pertinent part:
The procedure of the adversary system contemplates that the evidence in a case is to be marshalled competitively by the contending parties. Fair competition in the adversary system is secured by prohibitions against destruction or concealment of evidence, improperly influencing witnesses, obstructive tactics in discovery procedure, and the like.
Documents and other items of evidence are often essential to establish a claim or defense. Subject to evidentiary *482 privileges, the right of an opposing party, including the government, to obtain evidence through discovery or subpoena is an important procedural right. The exercise of that right can be frustrated if relevant material is altered, concealed, or destroyed.
R. Regulating Fla. Bar 4-3.4(a), cmt. The comment notes that one of the purposes of rule 4-3.4(a) is to secure fair competition in the adversary system. Fair competition is secured by ensuring that a party's right to obtain relevant evidence is not frustrated by the concealment of such evidence. We see no reason to distinguish the situation where multiple copies of a document are available or when the concealment lasts for only a short period of time. Thus, we conclude that in the interest of promoting fair competition both the availability of multiple copies and the duration of such concealment do not, under the circumstances of this case, negate the specifically prohibited conduct of concealing a relevant document. Further, we conclude that availability of multiple copies in the instant case does not provide a substitute for the original document that Forrester was found to have concealed.
Secondly, Forrester argues that rule 4-3.4(a) does not apply to her conduct at the deposition because exhibit 5 was not actual evidence because no trial had occurred. She argues that exhibit 5 was merely relevant to the case. We find that this argument supports, rather than negates, a finding that Forrester violated rule 4-3.4(a). Under the rule, a lawyer may be disciplined for wrongfully concealing a document that "the lawyer knows or reasonably should know is relevant to a pending or a reasonably foreseeable proceeding." R. Regulating Fla. Bar 4-3.4(a). The comment to the rule speaks in terms of "marshalling evidence" and "obtaining evidence through discovery," terms generally associated with pre-trial procedures. Therefore, a trial need not occur before a document is considered relevant evidence under the rule. Forrester admits that exhibit 5 was a relevant document in this case and was foreseeable as trial evidence.[3] We conclude that Forrester is subject to discipline under the rule for concealing exhibit 5.
Lastly, Forrester argues the referee erred in finding that she "removed" exhibit 5. She claims that exhibit 5 was handed to her by Hinrichs and thus, she did not remove it from the table. The referee's determination that Forrester removed exhibit 5 is a finding of fact. Such findings carry a presumption of correctness and should be upheld unless they are clearly erroneous or there is no evidence in the record to support them. See Florida Bar v. Roberts, 789 So.2d 284, 287 (Fla. 2001). We conclude that although Forrester may not have physically removed exhibit 5 from the table, she did participate in its removal. Kaylynn Boyer, the court reporter who saw the removal, described the incident as follows:
And as I turned back around to wait, I see Mr. Heinrich [sic] reach with his left hand, put it in his right hand, and hand it over to Ms. Forrester who then took it, sat it in her lap, scooted the chair forward and bent down, and I couldn't see because she was under the table see what she was doing with it and when she came up it was not in her lap nor in her hand or on the table.
We conclude that this testimony represents competent, substantial evidence that *483 Forrester removed exhibit 5, placing it within her possession.
Regardless of how Forrester defines the way she received the document, a violation of rule 4-3.4(a) depends on whether the attorney concealed, not removed, the relevant evidence. We conclude that competent, substantial evidence exists in the record below to support the referee's finding that Forrester concealed exhibit 5. Therefore, we approve the referee's recommendation that Forrester be found guilty of a rule 4-3.4(a) violation.
Forrester next challenges the referee's finding that she violated rule 4-8.4(c). This rule provides that "[a] lawyer shall not ... engage in conduct involving dishonesty, fraud, deceit, or misrepresentation." This Court has held that "[i]n order to find that an attorney acted with dishonesty, misrepresentation, deceit, or fraud, the Bar must show the necessary element of intent." Florida Bar v. Fredericks, 731 So.2d 1249, 1252 (Fla.1999). Further, this Court has held that "in order to satisfy the element of intent it must only be shown that the conduct was deliberate or knowing." Id. A finding of intent is a factual finding that must be upheld if there is evidence in the record below to support such a finding. See Roberts, 789 So.2d at 287.
In the present case, the referee found that Forrester made an intentional misrepresentation concerning the location of exhibit 5, when asked whether she had it. The referee found that, although Forrester truthfully replied, "I'm not seeing it," Forrester's answer was intended to mislead because she in fact knew where the document was located and failed to disclose that information to attorney Berry. The court reporter witnessed Forrester take exhibit 5 from Hinrichs, place it on her lap, and put it somewhere under the table. Forrester denied "seeing" where exhibit 5 was located until Berry brought in a second court reporter and directly asked Forrester to show him the document. Forrester testified that she immediately gave Berry the document at that time. We conclude that the record supports the referee's finding that Forrester intentionally misrepresented to Berry her knowledge of the whereabouts of exhibit 5. Accordingly, we approve the referee's recommendation that Forrester be found guilty of violating rule 4-8.4(c).
Finally, Forrester challenges the referee's recommendation that she be suspended for sixty days to be followed by one year of probation. Forrester argues that her conduct warrants no more than a public reprimand. This Court has held that "[i]n reviewing a referee's recommendation of discipline, this Court's scope of review is somewhat broader than that afforded to findings of facts because, ultimately, it is [the Court's] responsibility to order an appropriate punishment." Florida Bar v. Maier, 784 So.2d 411, 413 (Fla. 2001). Generally speaking, however, this Court "will not second-guess a referee's recommended discipline as long as that discipline has a reasonable basis in existing caselaw." Florida Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). In making this determination, this Court considers not only caselaw but also the Florida Standards for Imposing Lawyer Sanctions. See id.
Under the Florida Standards for Imposing Lawyer Sanctions, we conclude that suspension is appropriate in this case. See Fla. Stds. Imposing Law. Sancs. 6.12 ("Suspension is appropriate when a lawyer knows that false statements or documents are being submitted to the court or that material information is improperly being withheld, and takes no remedial action."); Fla. Stds. Imposing Law. Sancs. 7.2 ("Suspension is appropriate when a lawyer *484 knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or potential injury to a client, the public, or the legal system.").
Although Forrester argues that a suspension is too harsh and that a public reprimand should be imposed, we conclude that the applicable standards do not support her argument. Under standard 6.13, a public reprimand is appropriate only when an attorney engages in negligent conduct. See Fla. Stds. Imposing Law. Sancs. 6.13 ("Public Reprimand is appropriate when a lawyer is negligent either in determining whether statements or documents are false or in taking remedial action when material information is being withheld."). However, the referee found Forrester's misconduct to be intentional, and, as previously discussed, there is competent, substantial evidence in the record to support this finding. Thus, Forrester's intentional misconduct does not fall within the scope of conduct justifying a public reprimand under standard 6.13. Further, this Court has held that a "public reprimand should be reserved for isolated instances of neglect, lapses of judgment, or technical violations of trust accounting rules without willful intent." Florida Bar v. Schultz, 712 So.2d 386, 388 (Fla.1998); see also Florida Bar v. Rogers, 583 So.2d 1379, 1382 (Fla.1991). We find that Forrester's misconduct was neither an isolated instance of neglect nor a lapse of judgment because she intentionally concealed exhibit 5 and misrepresented its whereabouts when asked.
Further, we conclude a sanction harsher than a public reprimand should be imposed based on the fact that Forrester has three prior disciplinary actions. In 1994, Forrester received an admonishment for violating rule 4-1.7(a) (Representing Adverse Interests). See Florida Bar v. Forrester, No. 80,442 (unpublished order) (Fla. Apr. 21, 1994). In 1994, Forrester received twenty-four months' probation for violating rule 4-1.16(d) (Protection of Client's Interest). See Florida Bar v. Forrester, 659 So.2d 273 (Fla.1995) (table). Finally, in 1995 Forrester received a ninety-day suspension for violating rule 4-1.5(a) (Illegal, Prohibited, or Clearly Excessive Fees) and a public reprimand for violating rules 5-1.1(g) (Disbursement Against Uncollected Funds) and 5-1.2(c)(1)(A)(B) (Minimum Trust Accounting Procedures). See Florida Bar v. Forrester, 656 So.2d 1273 (Fla.1995). In assessing discipline, "this Court also considers prior misconduct and cumulative misconduct as relevant factors, and deals more severely with cumulative misconduct than with isolated misconduct." Florida Bar v. Williams, 753 So.2d 1258, 1262 (Fla.2000).
Forrester cites this Court's opinion in Florida Bar v. Burkich-Burrell, 659 So.2d 1082 (Fla.1995), to support her argument that a sixty-day suspension is too severe. In Burkich-Burrell, the Court imposed a thirty-day suspension for attorney Burkich's failure to disclose material facts to opposing counsel where she represented her husband, Burrell, in a personal injury action. See id. at 1084. The Court found that Burkich had firsthand knowledge of the nondisclosed material facts which contradicted the responses made in the interrogatories by her husband. See id. Burkich never reviewed or amended her husband's interrogatories. See id.
Although the conduct in Burkich-Burrell is somewhat analogous to the present case, we conclude that there are some important distinguishing characteristics between these two cases. In imposing discipline, this Court in Burkich-Burrell stated that "while Burkich is guilty of serious misconduct, in light of the unique facts of this case and the mitigating factors *485 present, a thirty-day suspension is sufficient discipline." Id. In mitigation, the referee had found (1) Burrell's alcohol abuse, (2) Burrell's physical and mental abuse of attorney Burkich, (3) Burkich's lack of prior misconduct, and (4) Burkich's lack of experience in personal injury litigation. See id. at 1083. On the other hand, in the instant case the referee did not find any mitigating factors. Further, in the present case, the referee found the aggravating factor of a prior disciplinary history, which was not present in Burkich-Burrell. We conclude that in light of Forrester's history of misconduct and the lack of mitigation found by the referee, the instant case is distinguishable from Burkich-Burrell and imposition of a harsher sanction is thus appropriate. See generally Williams, 753 So.2d at 1262. Therefore, based on the Standards for Imposing Lawyer Sanctions and Forrester's cumulative misconduct, we approve the referee's recommendation of a sixty-day suspension, to be followed by one year of probation.

CONCLUSION
Accordingly, we approve the referee's report in full. Geneva Carol Forrester is hereby suspended from the practice of law for sixty days followed by probation for one year. The suspension will be effective thirty days from the filing of this opinion so that Forrester can close out her practice and protect the interests of existing clients. If Forrester notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Forrester shall accept no new business from the date this opinion is filed until the suspension is completed. Judgment for costs in the amount of $1,335.15 is entered against Forrester and in favor of The Florida Bar, 650 Apalachee Parkway, Tallahassee, Florida 32399, for which sum let execution issue.[4]
NOTES
[1] The referee found that Forrester had been subject to disciplinary action on three prior occasions.
[2] We have considered Forrester's procedural challenges, and we reject them without further discussion.
[3] In her reply brief, Forrester stated:

Certainly, the exhibit could have been admitted into evidence in due course. That eventuality did not occur. It was certainly relevant, but it was not the only available copy.
[4] We find no merit to Forrester's challenge to the referee's award of costs to the Bar.