916 So.2d 647 (2005)
THE FLORIDA BAR, Complainant,
v.
Geneva Carol FORRESTER, Respondent.
The Florida Bar, Complainant,
v.
Geneva Carol Forrester, Respondent.
Nos. SC01-1819, SC02-1752.
Supreme Court of Florida.
September 8, 2005.
Rehearing Denied November 22, 2005.
*648 John F. Harkness, Jr., Executive Director, John Anthony Boggs, Staff Counsel, *649 Tallahassee, FL, Carlos Leon, Staff Counsel, Miami, FL, and William Lance Thompson, Assistant Staff Counsel, Tampa, FL, for Complainant.
Geneva Carol Forrester, St. Petersburg, FL, for Respondent.
PER CURIAM.
We have for review the referee's reports in case numbers SC01-1819 and SC02-1752, regarding alleged ethical breaches by Geneva Carol Forrester. We have jurisdiction. See art. V, § 15, Fla. Const. We have consolidated the two cases for review, and for the reasons explained below, we disbar respondent Forrester from the practice of law in the State of Florida.

Case Number SC01-1819
On August 20, 2001, the Bar filed a complaint against respondent Forrester alleging that she had knowingly made false statements in two pleadings submitted to a court and had also made statements in those pleadings which were disparaging and humiliating to the person about whom the statements were made. In a motion filed on February 4, 2000, Forrester stated in boldface type that the person in question was a "child molester and stalked his daughter" and that he was "recently convicted of aggravated stalking in Florida." In a separate motion also filed on February 4, 2000, she made similar statements and also referred to the person as a "pedophile and convicted felon." The Bar's complaint alleged that Forrester knew that her statements regarding the felony conviction were false and that she knowingly, or through callous indifference, made statements which were disparaging and humiliating when she called the person a stalker, a convicted felon, and a child molester. The Bar alleged that Forrester's statements violated rules 4-3.3(a) (a lawyer shall not knowingly make a false statement of material fact or law to a tribunal); 4-8.4(c) (a lawyer shall not engage in conduct involving dishonesty, fraud, deceit, or misrepresentation); and 4-8.4(d) (a lawyer shall not engage in conduct in connection with the practice of law that is prejudicial to the administration of justice, including to knowingly, or through callous indifference, disparage, humiliate, or discriminate against litigants, jurors, witnesses, court personnel, or other lawyers on any basis) of the Rules Regulating the Florida Bar.
After a final hearing, the referee issued his report and recommendation. The referee found that on December 1, 1998, Forrester had been advised that the felony charge against the person in question had been reduced to a misdemeanor and adjudication was withheld. Further, the referee found that it was clear that Forrester was aware of this at that time because on December 2, 1998, she made a specific inquiry of the clerk's office for verification of the conviction and sentence. The referee found that Forrester's statements that the person was a convicted felon, at the very least, exhibited callous indifference; accordingly, he recommended that Forrester be found guilty of violating only rule 4-8.4(d). As for discipline, the referee recommended that Forrester receive a public reprimand.

Case Number SC02-1752
By order of this Court dated May 16, 2002, respondent Forrester was placed on a sixty-day suspension in Florida Bar v. Forrester, 818 So.2d 477 (Fla.2002). On August 8, 2002, The Florida Bar filed a petition for an order to show cause why Forrester should not be held in contempt and a petition for an interim suspension alleging that Forrester had violated the suspension order by practicing law while suspended. Forrester filed a written response and a motion to dismiss the petition for interim suspension. On November 20, *650 2002, the Court denied Forrester's motion to dismiss, granted the Bar's petition for interim suspension, and ordered Forrester to show cause why she should not be held in contempt and disbarred for practicing law while under suspension. The Court also appointed a referee to conduct an expedited hearing and submit a report and recommendation to the Court.
After a final hearing, the referee filed his report making the following findings of fact. After receiving the May 16, 2002, suspension order in Florida Bar v. Forrester, 818 So.2d 477 (Fla.2002), Forrester informed all of her clients of her suspension, as required, and attempted to refer her pending cases to other lawyers or to finally resolve the cases before the effective date of the suspension, June 16, 2002. However, as that date approached, Forrester realized that a few of her clients' cases had not been resolved or successfully referred to other attorneys. Accordingly, in June she interviewed and hired an associate. The associate was a young, inexperienced recent law school graduate who had become licensed to practice in April 2002. The associate's prior legal experience consisted of several law clerk positions with private and governmental law offices. He had never functioned as a licensed attorney prior to his hiring by Forrester.
During his employment, at Forrester's direction, the associate drafted pleadings and letters and met with present and prospective clients in person and by telephone. As to pleadings and letters, after Forrester reviewed the drafts and made corrections, a final pleading or letter would be prepared that the associate would sign. After Forrester's review and final approval, the signed pleading or letter would be mailed by Forrester's legal assistant. Essentially, nothing left the office without Forrester's approval.
Although Forrester did not personally meet with any prospective or existing clients during the course of her suspension, she spoke with one existing client on the telephone several times. In her deposition, the client stated that Forrester informed her of the suspension and that the telephone communications which occurred involved business, not legal, advice. Forrester billed the client at her "business consultant" rate of $350.00 per hour, the same rate she bills as an attorney.
The referee's report also found that once Forrester realized the Bar was investigating her activities during the suspension, Forrester asked her associate to sign a letter designed to constitute the notice of employment that is required by Rule Regulating the Florida Bar 3-6.1(c) for suspended, disbarred, and resigned attorneys who work in a law office. The proposed letter indicated that Forrester was employed by the associate as a paralegal. The associate refused to sign the letter Forrester presented and instead signed a revised letter which deleted the references to Forrester's employment as a paralegal. The same date he signed the aforementioned letter, the associate resigned his position of employment with Forrester.
Based on these findings, the referee found Forrester guilty of intentionally and willfully violating the May 16, 2002, suspension order. Relying upon Florida Bar v. Thomson, 310 So.2d 300 (Fla.1975), the referee reasoned that while a suspended attorney may work as a law clerk, investigator, or paralegal, employment in such a capacity contemplates supervision of the suspended attorney by a member of the Bar in good standing. He determined that here, Forrester was not supervised. To the contrary, she actively supervised the young attorney she hired to ostensibly maintain her law office during the suspension. As a result of her violation of the *651 suspension order, the referee recommended that Forrester be found guilty of contempt and be suspended for one year.

I. Referee's Findings of Fact and Recommendations as to Guilt.

In case number SC01-1819, having considered the arguments of the parties, we approve the referee's findings of fact and recommendations as to guilt without further discussion.
In case number SC02-1752, the Bar first challenges the standard of proof applied by the referee in the contempt proceedings. In his report, the referee expressed some uncertainty as to the applicable standard of proof, and in an abundance of caution, chose to apply the "beyond a reasonable doubt" standard applicable to indirect criminal contempt proceedings. The Bar contends that proceedings for contempt of an order of this Court suspending an attorney are simply a further action on the subject attorney's license to practice law and, as such, are subject only to the clear and convincing evidence standard applicable to bar proceedings generally.
As this Court recognized in Parisi v. Broward County, 769 So.2d 359 (Fla.2000), contempt sanctions are broadly categorized as either civil or criminal, and the distinction between them "often turns on the `character and purpose' of the sanctions involved." Id. at 364 (quoting Int'l Union, United Mine Workers v. Bagwell, 512 U.S. 821, 827, 114 S.Ct. 2552, 129 L.Ed.2d 642 (1994)). The purpose of criminal contempt proceedings is "`to vindicate the authority of the court or to punish an intentional violation of an order of the court.' On the other hand, a contempt sanction is considered civil if it `is remedial, and for the benefit of the complainant.'" Id. (citation omitted) (quoting Bowen v. Bowen, 471 So.2d 1274, 1277 (Fla.1985), and Bagwell, 512 U.S. at 827, 114 S.Ct. 2552). Additionally, the hallmark of civil contempt is a purge provision allowing the contemnor to avoid the sanction imposed by complying with the court order. Id. at 365.
The purpose of contempt proceedings brought against an attorney for violation of an existing disciplinary order is to punish the offending attorney and to vindicate the authority of this Court to discipline Florida attorneys. The purpose is not remedial in nature or primarily for the purpose of coercing the disciplined attorney to comply, nor can the contemnor purge the contempt through compliance with the Court's order. Thus, in some respects, it is akin to criminal contempt. However, unlike either criminal or civil contempt, the punishment sought and imposed is not monetary fines or imprisonment, but rather is additional disciplinary sanctions. Given this fact, we agree with the Bar that the appropriate standard of proof is that which is applicable to attorney disciplinary proceedings in general, clear and convincing evidence.[1]
Next, Forrester challenges the referee's recommendation that she be found guilty of contempt, essentially arguing that she attempted to meticulously comply with the suspension order and did *652 not know that what she was doing constituted the practice of law. Accordingly, she contends that the referee erred in finding that she intentionally violated the suspension order. In order to successfully attack the referee's finding, Forrester must demonstrate "that there is no evidence in the record to support [the referee's] findings or that the record evidence clearly contradicts the conclusions." Fla. Bar v. Spann, 682 So.2d 1070, 1073 (Fla.1996). Forrester has not met this burden.
The only evidence in the record supporting Forrester's claim that she did not violate the suspension order intentionally is her own testimony. The referee heard and rejected this testimony. Because the referee is in the best position to judge the credibility of the witnesses, we defer to the referee's assessment. See Fla. Bar v. Fredericks, 731 So.2d 1249, 1251 (Fla.1999) (stating that "the referee is in a unique position to assess the credibility of witnesses, and his judgment regarding credibility should not be overturned absent clear and convincing evidence that his judgment is incorrect"); Fla. Bar v. Thomas, 582 So.2d 1177, 1178 (Fla.1991) (same); see also In re Weinstein, 518 So.2d 1370, 1374 (Fla. 4th DCA 1998) ("A mere disclaimer by the [contemnor] that his conduct was not willful or intentional does not deprive the court of power to declare it to be contempt and punish it accordingly.").
Additionally, absent an admission by the charged person, intent to violate a court order may be established by circumstantial evidence. See Northstar Invs. & Dev., Inc. v. Pobaco, Inc., 691 So.2d 565 (Fla. 5th DCA 1997); Paul v. Johnson, 604 So.2d 883 (Fla. 5th DCA 1992). Here, aside from Forrester's denial, the remaining evidence in the record supports the referee's finding that Forrester intentionally violated the suspension order by continuing to practice law while suspended. As her suspension approached, Forrester hired a newly licensed attorney, with no prior legal experience, as an associate. During her suspension, she gave this associate direction on what pleadings ought to be filed and what correspondence ought to be sent to opposing counsel or clients. She reviewed documents coming in from the court or opposing counsel and directed the associate as to what was to be done in response. After the associate drafted a letter or pleading, Forrester reviewed it and made revisions to the draft, which were usually automatically incorporated into the final draft. In addition, she directed the associate to make telephone calls to clients, telling him the purpose of the call and what information to convey. Incoming phone messages were given to her for evaluation. Forrester's paralegal also drafted correspondence at her direction, and Forrester, not the associate, reviewed and revised the paralegal's work.
Additionally, Forrester had direct contact with one existing client several times by telephone during the course of the suspension. Both Forrester and the client testified that they discussed property involved in the client's pending litigation. The client was billed $350 per hour for business consulting. However, the client testified that she had never before required Forrester's services as a business consultant prior to the suspension.
As discussed by the referee, in Florida Bar v. Thomson, 310 So.2d 300 (Fla.1975), this Court held that a suspended attorney may be permitted to work at a law firm as a law clerk or investigator during the period of suspension. The decision was premised upon and clearly contemplated that the suspended attorney would be working under the direct supervision of a duly licensed attorney. In permitting the employment arrangement presented by the *653 respondent in that case, the Court carefully noted that the respondent was "employed under the direct supervision of his attorney-employers who are responsible for his work." Id. at 301. Additionally, the Court approved the arrangement with the clear understanding that the respondent's functions had been limited "exclusively to work of a preparatory nature such as research, taking statements of witnesses consistent with initial investigation of a case, assembling information for review, and like work that would enable the attorney-employer to carry a given matter to a conclusion through his own examination, approval, or additional effort." Id.
As an attorney, Forrester was on notice of this case law and the parameters it sets for suspended attorneys wishing to work as law clerks in a law office during a period of suspension. Here, it is clear that Forrester was not operating within these parameters. She was not working under the direct supervision of her newly hired associate, and her work was not limited to work of a preparatory nature which would enable him to carry a given matter to conclusion through his own examination, approval, or additional effort. To the contrary, she was directing what legal work was to be done in the first instance and was actively supervising the associate's work. She deliberately took this course of action. Accordingly, we uphold the referee's finding that Forrester intentionally violated the suspension order.

II. Discipline.

In case number SC01-1819, we agree with the Bar that in light of Forrester's disciplinary history, a sanction more weighty than a public reprimand is required. Forrester is no stranger to this Court in the arena of attorney discipline. She has been before this Court on four prior occasions and has received sanctions ranging from an admonishment to a ninety-day suspension. In 1994, Forrester was admonished for violating rule 4-1.7(a) (Representing Adverse Interests). See Fla. Bar v. Forrester, No. 80,442 (Fla. Apr. 21, 1994) (unpublished order). In 1995, Forrester was placed on twenty-four months' probation for violating rule 4-1.16(d) (Protection of Client's Interest). See Fla. Bar v. Forrester, 659 So.2d 273 (Fla.1995) (table). Additionally in 1995, Forrester was suspended for ninety days for violating rule 4-1.5(a) (Illegal, Prohibited, or Clearly Excessive Fees and Costs) and was publicly reprimanded for violating rules 5-1.1(g) (Disbursement Against Uncollected Funds) and 5-1.2(c)(1)(A)-(B) (Minimum Trust Accounting Procedures). See Fla. Bar v. Forrester, 656 So.2d 1273 (Fla.1995).
Most recently in 2002, the Court suspended Forrester for sixty days for violating rules 4-3.4(a) and 4-8.4(c). The misconduct involved in that case occurred during a deposition where she concealed an exhibit that was relevant to the case and then, when asked about it, replied, "I'm not seeing it." Fla. Bar v. Forrester, 818 So.2d 477, 483 (Fla.2002). The Court stated that although her response was technically truthful (because she had hidden the document next to her brief case), it was intended to mislead because she, in fact, knew where the document was and failed to disclose it. Id.
Although Forrester was found to have made an intentional misrepresentation in this prior case, the conduct is somewhat similar to that involved in case number SC01-1819, where in pleadings submitted to a court, Forrester falsely referred to someone as a convicted felon. Both instances display an attitude of "playing fast and loose" with the truth. In the prior case, Forrester used a technically truthful statement to mislead opposing counsel. In *654 this case, she showed callous indifference to the truth and continued to make statements she should have known were false.
Based on the misconduct in case number SC01-1819 and Forrester's prior history of discipline alone, we would likely conclude that an appropriate discipline would be a ninety-one-day suspension. However, as previously explained, we have consolidated this case with case number SC02-1752, and we consider them together for purposes of discipline. Based on a consideration of both matters, the conclusion of the Court, as more fully explained below, is that an even more serious sanction is required.
In case number SC02-1752, the referee recommended Forrester be suspended for one year. In reviewing a referee's recommended discipline, this Court's scope of review is broader than that afforded to the referee's findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. However, generally speaking this Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999). Upon review, we find that the recommendation of a one-year suspension lacks a reasonable basis in case law or the standards and conclude that Forrester should be disbarred.
A survey of cases where an attorney has been held in contempt for practicing law while either suspended, disbarred, or permitted to resign reveals that disbarment is most often the chosen sanction. See, e.g., Fla. Bar v. Weisser, 721 So.2d 1142 (Fla.1998) (disbarring attorney for continuing to practice law after disciplinary resignation); Fla. Bar v. Neely, 675 So.2d 592 (Fla.1996) (permanently disbarring already disbarred attorney for continuing to practice law after he was disbarred); Fla. Bar v. Brown, 635 So.2d 13 (Fla.1994) (holding in contempt and disbarring attorney for continuing to practice law after disciplinary resignation); Fla. Bar v. Greene, 589 So.2d 281 (Fla.1991) (disbarring attorney for continuing to practice law while suspended); Fla. Bar v. Bauman, 558 So.2d 994 (Fla.1990) (disbarring attorney for continuing to practice law while suspended); Fla. Bar v. Winter, 549 So.2d 188 (Fla.1989) (permanently disbarring attorney for continuing to practice law after disciplinary resignation).
Additionally, the Standards for Imposing Lawyer Sanctions provide that absent aggravating or mitigating circumstances, disbarment is appropriate when a lawyer "intentionally violates the terms of a prior disciplinary order and such violation causes injury to a client, the public, the legal system, or the profession." Fla. Stds. Imposing Law. Sancs. 8.1. We find nothing in the record here which would warrant a lesser sanction. Indeed, the referee appropriately found three aggravating circumstances: Forrester's four previous disciplinary offenses, her multiple offenses in the instant matter, and her substantial experience in the practice of law. The referee found only one mitigating circumstance: Forrester's substantial charitable and pro bono activities. We now have before us an additional disciplinary matter, which, as discussed above, would alone warrant a ninety-one-day suspension. Considering these two matters together along with Forrester's disciplinary history, we conclude that disbarment is the only appropriate sanction.
Geneva Carol Forrester is hereby disbarred from the practice of law in the State of Florida, effective, nunc pro tunc, November 20, 2002, the date of the interim *655 suspension order under which she currently stands suspended. Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Geneva Carol Forrester in the amount of $7,238.31, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion.
ANSTEAD, J., concurring in part and dissenting in part.
I fully concur in the majority opinion, with the sole exception of the majority's rejection of the referee's recommendation that the respondent be suspended rather than disbarred. While I would agree that the suspension should be much longer than the one year recommended by the referee, I do not agree that the ultimate sanction of disbarment is justified under the circumstances presented.
NOTES
[1] This is a question of first impression in this Court. In Florida Bar v. Weisser, 721 So.2d 1142, 1143 (Fla.1998), cited by the Bar, the opinion reflects that the referee used a "clear and convincing" evidence standard in finding that Weisser had intentionally engaged in the unlicensed practice of law subsequent to his suspension and recommending that he be found in willful contempt of this Court's order granting his petition for resignation. However, the issue of whether or not such was the appropriate standard was not an issue raised or determined in the case.